# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Williams*, 2012 IL App (2d) 110559

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY WILLIAMS, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0559 |
| Filed | November 20, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant was not entitled to withdraw his guilty plea to retail theft, even though the trial judge erroneously admonished him that he was eligible to elect "TASC" probation, since defendant was ineligible for TASC due to his two prior convictions for aggravated battery, but he did not allege that he would not have pleaded guilty if he had been properly admonished, which negated his claim of prejudice. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-CF-2887; the Hon. Daniel P. Guerin, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas A. Lilien and R. Christopher White, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert B. Berlin, State's Attorney, of Wheaton (Lisa A. Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Barry W. Jacobs, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.

Justices McLaren and Zenoff concurred in the judgment and opinion.

# OPINION

¶ 1    Defendant, Anthony Williams, pleaded guilty to retail theft (720 ILCS 5/16A-3(a) (West 2010)). Following the denial of his motion to withdraw his plea, defendant timely appealed. He argues that he should be allowed to withdraw his plea, because the trial court, when admonishing defendant concerning the sentencing range, erroneously admonished him that he was eligible to elect treatment under section 40-5 of the Alcoholism and Other Drug Abuse and Dependency Act (the Act) (20 ILCS 301/40-5 (West 2010)), if given probation (commonly referred to as Treatment Alternatives to Street Crime or "TASC" probation). For the reasons that follow, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3    Defendant was indicted on two counts of retail theft (720 ILCS 5/16A-3(a) (West 2010)). The indictment alleged that defendant knowingly took possession of watches with a retail value in excess of $150 from Macy's with the intent to deprive Macy's permanently of the benefit of the watches without paying for the watches. Count I was charged as a Class 3 felony (720 ILCS 5/16A-10(3) (West 2010)), and count II was charged as a Class 4 felony (720 ILCS 5/16A-10(2) (West 2010)).

¶ 4    On March 10, 2011, defendant petitioned for election of treatment under section 40-5 of the Act (20 ILCS 301/40-5 (West 2010)). In response, the trial court ordered that defendant be evaluated for a determination of whether he is an addict or alcoholic and the likelihood of his being rehabilitated through treatment.

¶ 5    On April 20, 2011, defendant pleaded guilty to count I and the State nol-prossed count II. The trial court admonished defendant as follows regarding sentencing:

   "THE COURT: As charged, that's a Class 3 felony. That means it carries with it a possible penalty of a term of conditional discharge or probation for up to a period of 30

-2-

months, at the minimum end of the sentence, or 18 months of periodic imprisonment or between 2 to 5 years in the Illinois Department of Corrections and a $25,000 fine, at the maximum end of the sentence.

That is the possible–that is the standard range of penalty for the offense; do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Because of your prior criminal history that was just recited, you are eligible for an extended term sentence on this charge, which means you are eligible for between two to ten years in the Illinois Department of Corrections; do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Any Illinois Department of Corrections sentence, if one were to be imposed, would carry with it a period of one year mandatory supervised release, that you would have to serve after any penitentiary sentence was over; do you understand?

THE DEFENDANT: Yes.

THE COURT: You are also eligible, apparently, for TASC probation, which means if you satisfactory [*sic*] all of the terms and conditions of the TASC probation, you are eligible to be discharged from probation; do you understand?

THE DEFENDANT: Yes."

¶ 6 The court provided additional admonishments and heard the factual basis of the plea. According to the State, a Macy's security officer would testify that he observed defendant, along with a codefendant, enter Macy's, walk to the jewelry counter, place several men's watches into a bag, and exit the store without paying. Defendant was taken into custody and identified by the security officer. The court found that the factual basis was sufficient and accepted defendant's plea.

¶ 7 At sentencing, the State presented defendant's criminal history that was contained in the presentencing investigation (PSI) report, which included 10 prior felony convictions and a prior unsuccessful attempt at TASC probation. In mitigation, defense counsel argued that all of defendant's prior offenses were due to drug addiction and that, at 50 years of age, defendant was now serious about overcoming his addiction. Defense counsel further argued that the TASC evaluators recommended residential treatment for defendant.

¶ 8 In sentencing defendant, the court noted that it weighed the evidence in aggravation and mitigation as well as the reports submitted with the PSI. In aggravation, the court noted that defendant had a history of aggravated battery, robbery, forgery, and felony theft. The court noted that defendant had been given probation but had violated it by committing a new offense. The court observed that defendant had received TASC probation in 2002, on two different felony convictions. In mitigation, the court considered the reports detailing defendant's participation in Alcoholics Anonymous and addiction education while in jail, as well as the TASC evaluation recommending residential drug treatment. The court observed that defendant had several prior opportunities to avail himself of drug treatment but, instead, continued to commit felony offenses. Concluding that TASC was no longer an appropriate disposition for defendant, based on his past failure to comply with drug treatment, the court

found that a sentence of imprisonment was necessary for the protection of the public. Based on a history of felony offenses and violating probation, the court found that defendant was in the extended-term sentencing range and imposed a sentence of six years and six months in prison.

¶ 9       Defendant filed a motion to withdraw his guilty plea or, alternatively, to reconsider his sentence, alleging that he did not fully understand the court's admonishments or the "concept of an Open Plea of Guilty" and that the sentence was excessive. Defendant presented no additional argument at the hearing on his motion. After examining the transcript of the plea proceeding, the court denied the motion. Defendant timely appealed.

¶ 10                                    II. ANALYSIS

¶ 11       Defendant argues that he should be allowed to withdraw his plea, based on the trial court's erroneous admonishment that defendant was eligible for TASC probation, when in fact he was not.[1] According to defendant, he was prejudiced by the incorrect admonishment, because "[h]ad [he] known, at the time he entered the plea, that TASC was not a valid sentencing option, he could have more accurately considered the sentencing paradigm and determined his potential sentencing range was great enough that it would be more advantageous to elect to stand trial."

¶ 12       We begin by noting that defendant failed to raise this issue below. Generally, under Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), any issue not raised by a defendant in his motion to withdraw his plea of guilty shall be deemed forfeited on appeal. However, the alleged failure to provide proper admonishments under Illinois Supreme Court Rule 402(a) (eff. July 1, 1997) may be, and routinely is, reviewed for plain error. See *People v. Fuller*, 205 Ill. 2d 308, 322-23 (2002); *People v. Davis*, 145 Ill. 2d 240, 250-51 (1991). "Before invoking the plain error exception, however, we determine whether any reversible error occurred." *Fuller*, 205 Ill. 2d at 323.

¶ 13       "Before a trial court can accept a guilty plea, Rule 402(a) requires that the defendant be admonished concerning the nature of the charge, the minimum and maximum sentences, the right to plead guilty or not guilty, and the rights that are waived by pleading guilty." *People v. Sharifpour*, 402 Ill. App. 3d 100, 114 (2010) (citing Ill. S. Ct. R. 402(a) (eff. July 1, 1997)). "The purpose of Rule 402 admonishments is to ensure that a defendant understands

---

[1]A defendant is statutorily precluded from electing TASC treatment if he has "a record of 2 or more convictions of a crime of violence." 20 ILCS 301/40-5(3) (West 2010). A " '[c]rime of violence' " includes the offense of aggravated battery. 20 ILCS 301/1-10 (West 2010). In their briefs, the parties agreed that defendant had been twice convicted of aggravated battery and thus was ineligible for TASC. Subsequently, however, the State moved to clarify the record to establish that defendant had been convicted only once of aggravated battery. In his response, defendant argued that, even if the State's assertion was correct, he was not necessarily eligible for TASC, since he had also been convicted of robbery, another " '[c]rime of violence.' " *Id.* Thus, although we grant the State's motion, we do not accept that defendant was eligible for TASC. We proceed on the assumption that he was not.

his plea, the rights he has waived by pleading guilty and the consequences of his action." *People v. Dougherty*, 394 Ill. App. 3d 134, 138 (2009). "The failure to properly admonish a defendant, alone, does not automatically establish grounds for reversing the judgment or vacating the plea." *Davis*, 145 Ill. 2d at 250. "Whether reversal is required depends on whether real justice has been denied or whether [the] defendant has been prejudiced by the inadequate admonishment." *Id.*; see also *Fuller*, 205 Ill. 2d at 323.

¶ 14    In support of his argument, defendant relies primarily on *Davis* and on our decision in *People v. Ellis*, 375 Ill. App. 3d 1041 (2007). We address each in turn. In *Davis*, prior to the defendant's guilty plea, defense counsel informed the defendant that he was eligible for the TASC program. *Davis*, 145 Ill. 2d at 245. When the defendant entered his plea, the trial court admonished the defendant that his sentence could range from probation to an extended-term sentence. *Id.* at 247. However, due to his criminal record, the defendant was not eligible for either placement with TASC or probation. *Id.* at 248. After accepting the defendant's plea, the court ordered an evaluation of the defendant's qualifications for TASC. *Id.* at 246. Prior to sentencing, the defendant learned that he was ineligible for TASC. *Id.* at 245. The trial court sentenced the defendant to 10 years in prison. *Id.* at 243. The defendant moved to withdraw his plea, based on his misunderstanding concerning his eligibility for TASC, arguing that the purpose of his plea was to obtain placement in TASC. The trial court denied the motion, and the defendant appealed.

¶ 15    The Fourth District reversed. *People v. Davis*, 204 Ill. App. 3d 836, 840 (1990). The court found that the defendant established that, when he pleaded guilty, he was under the mistaken impression that he was eligible for TASC and that his impression was objectively reasonable. *Id.* at 838-39. The court further found that the defendant was prejudiced by this mistaken impression. *Id.* at 839. The State petitioned for leave to appeal.

¶ 16    On appeal to the supreme court, the State argued that the defendant's mistaken impression concerning TASC was unreasonable. *Davis*, 145 Ill. 2d at 246. The defendant argued that his misapprehension concerning TASC was reasonable and that he was prejudiced by this misapprehension, because at sentencing the only available option was imprisonment. *Id.* at 245. He further argued that, had he known that he was ineligible for TASC, he would not have pleaded guilty for an open sentence. *Id.* at 250. Both parties acknowledged that the purpose of the plea agreement was to enable the defendant to seek treatment with TASC while allowing the State to seek an extended-term sentence. *Id.* at 245. The supreme court affirmed. In doing so, the court specifically noted that the incorrect admonishment alone should not provide grounds for vacating the plea. *Id.* at 250. It emphasized that "[w]hether reversal is required depends on whether real justice has been denied or whether defendant has been prejudiced by the inadequate admonishment." *Id.* The court noted the absence of evidence showing that the defendant knew that he was ineligible for TASC, probation, or conditional discharge. *Id.* The court went on to find the requisite prejudice based on the defendant's allegation that he would not have pleaded guilty had he known that he was ineligible for TASC. *Id.* The court stated that, due to the defendant's misapprehension, "he did not attempt to negotiate a lesser term of incarceration, and forwent the opportunity to go to trial, where he may have been acquitted." *Id.*

¶ 17    In *Ellis*, the defendant pleaded guilty to possession of a stolen motor vehicle. *Ellis*, 375

-5-

Ill. App. 3d at 1042. Prior to accepting the defendant's plea, the court admonished the defendant that he faced a sentencing range from a minimum of TASC probation to a maximum of 30 years in prison. *Id.* at 1043. This admonishment was incorrect because the defendant was not eligible for probation. *Id.* at 1046. The court sentenced the defendant to a 30-month term of probation with TASC treatment as one of the conditions. *Id.* at 1043. Subsequently, the State filed a petition to revoke probation. At that time, the court admonished the defendant that, by admitting to the allegations in the petition to revoke probation, he faced sentencing as a Class 2 felon, with a minimum sentence of probation and a maximum sentence of 7 years in prison or 14 years if the defendant were eligible for an extended-term sentence.[2] *Id.* at 1044. When the defendant later appeared at a hearing to admit to the allegations, the court admonished the defendant that the minimum sentence for a Class 2 felony was probation and that the maximum sentence was seven years. *Id.* The defendant admitted to the allegations in the petition and was sentenced to nine years in prison. *Id.* It was later determined that the defendant was required to be sentenced as a Class X offender. *Id.* at 1046. The defendant appealed from the denial of his motion to reduce his sentence. *Id.* at 1044. On appeal, the defendant argued that he should be allowed to withdraw his admission based on the court's erroneous admonishments. Specifically, the defendant argued that the court erred by advising him that he was subject to sentencing as a Class 2 felon when he was actually required to be sentenced as a Class X offender and by advising him that probation was available when, in fact, it was not. *Id.* at 1045. This court agreed with the defendant. We rejected the State's argument that the admonitions were in substantial compliance with Rule 402A. We found that, because the defendant was never correctly admonished concerning the minimum sentence, either in the underlying criminal prosecution or in the probation revocation proceedings, there was no correct admonishment from which to find substantial compliance. *Id.* at 1048.

¶ 18   Neither case supports defendant's claim for reversal. As expressly noted in *Davis*, inadequate admonishments alone are insufficient grounds to vacate a plea; rather, a defendant must also establish that real justice was denied or that he was prejudiced. *Davis*, 145 Ill. 2d at 250. In *Davis*, the defendant expressly alleged that, had he known that he was ineligible for TASC, he would not have pleaded guilty for an open sentence. *Id.* Such a showing is necessary to establish prejudice in the context of a plea proceeding. See *id.* Here, defendant does not allege that he would not have pleaded guilty. He states only that "[h]ad [he] known, at the time he entered the plea, that TASC was not a valid sentencing option, he could have more accurately considered the sentencing paradigm and determined his potential sentencing range was great enough that it would be more advantageous to elect to stand trial." This defeats his claim of prejudice.

¶ 19   *Ellis* also does not support defendant's position, because there this court was not called on to consider whether real justice had been denied or whether the defendant had been

---

[2]*Ellis* involved admonishments under Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003), which applies to a defendant when admitting to a petition to revoke probation. Nevertheless, we noted in *Ellis* that Rule 402 jurisprudence applied when determining whether a court complied with Rule 402A. *Ellis*, 375 Ill. App. 3d at 1046.

prejudiced by the incorrect admonition. Although the State cited that principle in *Ellis*, it did so in combination with the principle that a defendant in probation revocation proceedings is entitled to fewer procedural rights than a defendant facing trial, and only to argue that the trial court substantially complied with Rule 402A. *Ellis*, 375 Ill. App. 3d at 1047-48. Here the State essentially concedes a violation, but argues that there was no prejudice. As noted above, we agree.

¶ 20                                        III. CONCLUSION
¶ 21          The judgment of the circuit court of Du Page County is affirmed.

¶ 22          Affirmed.