2020 IL App (2d) 171038-U
No. 2-17-1038
Order filed June 30, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 16-CF-2290 |
| JATNAEL MALAGON-GUADARRAMA, | ) ) ) | Honorable Patricia S. Fix, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Birkett and Justice Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Reversal for failure to comply with Rule 402(a) was not required where defendant did not claim that he would not have pled guilty had he known that the term of mandatory supervised release he faced was three years to life rather than, as the trial court incorrectly admonished him, two years to life or just two years.  Reversal was, however, required because there was not strict compliance with Rule 604(d), as post-plea counsel failed to include, with his motion to withdraw defendant's guilty plea, affidavits to support the motion's references to matters outside the record.

¶ 2    Defendant, Jatnael Malagon-Guadarrama, appeals from the judgment of the circuit court

of Lake County denying his motion to withdraw his guilty plea.  Because defendant's guilty plea

was knowing and voluntary, we affirm; however, we remand for strict compliance with Rule 604(d).

¶ 3                                  I. BACKGROUND

¶ 4      Defendant was indicted on 20 counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(3), (a)(4) (West 2014)).

¶ 5      On September 29, 2016, defendant was arraigned.  At the arraignment, the trial court advised defendant about the applicable sentencing range for each offense and that any prison sentence would be "followed by a period of mandatory supervised release or parole for a minimum of two years."  The court stated, "[t]hat could be extended, in the discretion of the Department of Corrections, to the remainder of [defendant's] life."  After explaining that the potential prison sentences were mandatorily consecutive, the court reiterated that defendant would have to serve a period of mandatory supervised release (MSR) after completing his prison terms.  Defendant acknowledged that he understood.

¶ 6      On February 28, 2017, defendant entered an open plea of guilty to four counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(4) (West 2014)).  When the trial court asked defendant if he wanted to plead guilty, he answered that he had no other option.  The court responded that he had the choice of going to trial and that if he did the State would have to prove him guilty beyond a reasonable doubt.  The court added that defendant could present evidence if he wanted. Defendant acknowledged that he had reviewed with his attorney the written trial waiver. The court also reviewed it with defendant.  In doing so, the court noted that, if defendant pled guilty, there would be no hearing on any motions filed by defendant's attorney.  When the court asked defendant if had an opportunity to discuss the case with his attorney, defendant said "[y]es, [he thought] so."  When defendant indicated that he did not talk to his attorney about any videos, the

State offered that there were videos, including defendant's statement to the police. Defendant's attorney stated that he had reviewed all of defendant's statements and had discussed them with defendant. When the court asked defendant if he had the chance to talk with his attorney about his video-recorded statement, defendant said not completely. The court allowed defendant to speak with his attorney. His attorney then said that he had spoken to defendant and told him that he had reviewed the video and that was why he had filed a motion to suppress. When the court asked defendant if he had any further questions for his attorney or the court, defendant asked whether, if he asked for a week or two, it would affect the case. The State responded that, because of the pending trial date, its offer was good only until the end of the hearing. Defendant responded that he knew that he had a right to trial and that, because he was not the person the State was saying he was, he was having difficulty accepting the State's offer. The court explained that defendant did not have to accept the offer and plead guilty and could talk more with his attorney. Defendant then responded that he accepted the offer. When the court asked defendant if he had any further questions, defendant said no. As part of the factual basis for the plea, defendant admitted that he had had sexual relations with the victim on four occasions between the charged dates.

¶ 7     In presenting the terms of the plea agreement, the State noted that defendant would have to serve an "[MSR] as required by statute." In admonishing defendant about the potential sentence, the trial court advised defendant that his convictions carried a "two-year [MSR]." Later during the plea hearing, the court repeated that a prison sentence would be "followed by [an] [MSR]." Defendant acknowledged that he understood the court's admonitions and pled guilty to all four counts.

¶ 8 At the sentencing hearing, the trial court noted that defendant must serve "a sentence of three years to life [MSR] pursuant to statute." The court imposed a consecutive seven-year prison sentence on each conviction plus an MSR of three years to life.

¶ 9 Defendant subsequently filed a motion to withdraw his guilty plea and vacate his sentence. Attached to the motion were the transcripts from the plea and sentencing proceedings. His new counsel also filed a certificate pursuant to Supreme Court Rule 604(d) (eff. July 1, 2017). Counsel did not attach any affidavits to the Rule 604(d) certificate.

¶ 10 At the hearing on defendant's motion, defendant's counsel asserted, among other things, that defendant's plea counsel was ineffective because he advised defendant that a post-plea motion would increase his sentence, he failed to investigate any defenses, he did not inform defendant of the charges, and he did not show defendant any video evidence. Post-plea counsel, however, did not introduce any affidavits or evidence in support of those claims. Counsel further maintained that the trial court incorrectly admonished defendant that there was a two-year MSR, as opposed to the applicable three-years to life MSR.

¶ 11 The trial court summarily dismissed the allegations in defendant's motion, except the one regarding the MSR admonishment. In that regard, the court admitted that, at the plea proceeding, it referred to "the wrong MSR." The court then asked post-plea counsel how defendant was prejudiced by the court's misinformation about the MSR term. Counsel replied that the prejudice to defendant was that he lacked full awareness of the consequences of his plea. The court concluded that it substantially complied with Illinois Supreme Court Rule 402 (eff. July 1, 2012) when it advised defendant generally that his prison sentence would be followed by a term of MSR. Thus, the court denied the motion in its entirety. Defendant, in turn, filed a timely notice of appeal.

¶ 12 II. ANALYSIS

¶ 13  On appeal, defendant contends that (1) his guilty plea was not knowing, because the trial court incorrectly admonished him about the applicable MSR period, and (2) post-plea counsel did not strictly comply with Rule 604(d) when he failed to attach any affidavits or submit evidence to support his claims in the motion to withdraw that were based on matters outside the record.

¶ 14  We first address defendant's claim that his guilty plea was not knowing.  Before a trial court can accept a guilty plea, Rule 402(a) requires that the defendant be admonished concerning the nature of the charge, the minimum and maximum sentence, the right to plead guilty or not guilty, and the rights that are waived by pleading guilty.  *People v. Williams*, 2012 IL App (2d) 110559, ¶ 13.  The purpose of Rule 402(a) admonishments is to ensure that a defendant understands his plea, the rights he has waived by pleading guilty, and the consequences of his action.  *Williams*, 2012 IL App (2d) 110559, ¶ 13.  Not every admonishment error requires reversal, however, as substantial compliance with Rule 402(a) is sufficient to satisfy due process.  *People v. Burt*, 168 Ill. 2d 49, 64 (1995).  Whether reversal is required depends on whether real justice has been denied or whether the defendant had been prejudiced by the inadequate admonishment.  *People v. Davis*, 145 Ill. 2d 240, 250 (1991).

¶ 15  Here, the trial court, at the plea hearing, misadvised defendant that his offense carried an MSR of two years.  However, defendant was not prejudiced by the inadequate admonishment.

¶ 16  In *Williams*, this court noted that, to establish prejudice in the context of a plea proceeding, a defendant must assert that, had he known of the correct potential sentence, he would not have pled guilty for an open sentence.  *Williams*, 2012 IL App (2d) 110559, ¶ 18 (citing *People v. Davis*, 145 Ill. 2d 240, 250 (1991).  Here, defendant never asserted, in either his motion to withdraw his guilty plea or the hearing thereon, that he would not have pled guilty had he known that the applicable MSR was three years to life rather than just two years.  Indeed, when asked what

prejudice he suffered from the inaccurate admonishment, defendant did not state that he would not have pled guilty had he been accurately admonished. Instead, he replied merely that he lacked full awareness of the consequences of his plea. That was not the type of prejudice required in the context of a plea proceeding. See *Williams*, 2012 IL App (2d) 110559, ¶ 18. Because defendant did not assert that he would not have pled guilty had he known of the correct MSR period, he was not prejudiced by the inadequate admonishment.

¶ 17    Defendant's reliance on *People v. Whitfield*, 217 Ill. 2d 177 (2005), is misplaced. In *Whitfield*, the defendant entered a negotiated plea in which the sentence was agreed upon. Because there was no mention of any MSR, defendant claimed that he did not receive the sentence for which he had bargained. *Whitfield*, 217 Ill. 2d at 186-87. The supreme court held that, even though substantial compliance with Rule 402 is sufficient to establish due process, and an inaccurate admonishment is not reversible error unless real justice had been denied or the defendant was prejudiced thereby, there is no substantial compliance when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting the plea, that an MSR term would be added to the agreed-to sentence. *Whitfield*, 217 Ill. 2d at 195. In this case, however, because defendant entered an open plea, there was no plea agreement in exchange for a specific sentence. Thus, *Whitfield* does not support defendant's position.

¶ 18    We next address whether post-plea counsel strictly complied with Rule 604(d). He did not.

¶ 19    Rule 604(d) requires, in pertinent part, that, when a motion to withdraw a guilty plea is based on facts outside of the record, it shall be supported by affidavit. Ill. S. Ct. Rule 604(d) (eff. July 1, 2017). It is well-established that strict compliance with Rule 604(d) is required. *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 6 (citing *People v. Janes*, 158 Ill. 2d 27, 33 (1994)). Where a defendant moves to withdraw his guilty plea, Rule 604(d) requires counsel to certify that he made

any amendments to the motion that are necessary for adequate presentation of any alleged defects in the guilty-plea proceeding. *Bridges*, 2017 IL App (2d) 150718, ¶ 7. Where counsel filed a facially valid certificate, a reviewing court may consult the record to determine whether he fulfilled his obligations under Rule 604(d). *Bridges*, 2017 IL App (2d) 150718, ¶ 7. If there are allegations that are not supported by the record, counsel must attach an affidavit substantiating the new allegations. *Bridges*, 2017 IL App (2d) 150718, ¶ 9.

¶ 20    Here, post-plea counsel included in the motion to withdraw the guilty plea several allegations that were based on matters outside of the record. Those were that trial counsel advised defendant that if he filed any post-trial motions his sentence would be increased, that counsel failed to investigate any defenses, that counsel failed to inform defendant of the charges, and that counsel failed to show defendant any video evidence. Because those claims all depended on facts outside the record, post-plea counsel was required to attach supporting affidavits or submit evidence at the hearing on the motion to withdraw. He did neither. Therefore, he failed to strictly comply with Rule 604(d). Hence, we remand this case for strict compliance with Rule 604(d) and a new proceeding on defendant's motion to withdraw.[1]

¶ 21    Finally, we note that the allegations that counsel never advised defendant of the charges against him and never showed him the video of his statement appear to be baseless, as defendant

---

[1] We note that, although the State contends that remand is unnecessary, because defendant was not prejudiced under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the remedy for a failure to strictly comply with Rule 604(d) does not depend upon a showing of ineffective assistance of counsel. *Bridges*, 2017 IL App (2d) 150718, ¶ 6, n. 1; see also *People v. Jordan*, 2016 IL App (3d) 140262, ¶ 15 (citing *People v. Tousignant*, 2014 IL 115328, ¶¶ 5, 23).

was in fact informed of the charges at the arraignment and counsel stated at the plea hearing that he had reviewed the video-recorded statement and discussed it with defendant.

¶ 22                              III. CONCLUSION

¶ 23    For the reasons stated, we affirm the judgment of the circuit court of Lake County and remand for strict compliance with Rule 604(d).

¶ 24    Affirmed and remanded.