2022 IL App (2d) 190662-U
Nos. 2-19-0662 & 2-19-0663 cons.
Order filed June 7, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 13-CF-937 14-CF-1517 |
| RYAN MATTHEW RICE, | ) ) | Honorable Brendan A. Maher, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hutchinson and Hudson concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Defendant's motion to withdraw his guilty plea for improper admonishments was properly denied. First, the record directly rebutted defendant's claim that he was not admonished of his probation eligibility on the charge of aggravated child pornography. Second, though defendant was not expressly informed that the minimum aggregate prison sentence for all four charges was 21 years, it sufficed that he was admonished (1) of the minimum prison term for each charge and (2) that the sentence for each charge would run consecutively to the other sentences.

¶ 2   Defendant, Ryan Matthew Rice, appeals from the order of the circuit court of Winnebago

County, denying his motion for leave to withdraw his guilty plea in case Nos. 13-CF-937 and 14-

CF-1517. He contends that he was not properly admonished regarding his eligibility for probation

in case No. 13-CF-937 and the minimum aggregate sentence in both cases. Because the trial court properly admonished defendant as to both his eligibility for probation and the minimum aggregate sentence for the four offenses, we affirm.

¶ 3                                              I. BACKGROUND

¶ 4     Defendant entered guilty pleas in case No. 13-CF-937 to one count of aggravated child pornography (720 ILCS 5/11-20.1B(a)(6)(i) (West 2012))[1] and in case No. 14-CF-1517 to two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2014)) and one count of child pornography (720 ILCS 5/11-20.1(a)(1)(vii)) (West 2014)). The trial court sentenced him to mandatory consecutive prison terms totaling 35 years. See 730 ILCS 5/5-8-4(d)(2), (d)(2.5) (West 2014).

¶ 5     At the plea hearing, the State explained that, per the partially negotiated guilty plea, the State agreed to dismiss other charges and to an aggregate sentencing cap of 40 years' imprisonment. Defendant was sworn as a witness. The trial court admonished defendant that the offense of aggravated child pornography was a "probation eligible Class 2 felony" punishable by three to seven years in prison. 730 ILCS 5/5-4.5-35(a), (d) (West 2014). When asked if he understood the possible penalty for that offense, defendant answered yes. As for the two offenses

---

[1]The aggravated child pornography statute (720 ILCS 5/11-20.1(B) (West 2010)) was repealed on January 1, 2013, by Public Act 97-995 (eff. Jan. 1, 2013), prior to the alleged offense dates in this case. The substance of the aggravated-child-pornography offense was incorporated into the child-pornography statute (see Pub. Act 97-995 (eff. Jan. 1, 2013) (adding 720 5/11-20.1(c-5)). For clarity, we still reference the offense of aggravated child pornography in distinguishing the offenses in this case.

of predatory criminal sexual assault, the court admonished defendant that each of those offenses was a Class X felony punishable by a term of 6 to 60 years in prison. 720 ILCS 5/11-1.40(b)(1) (West 2014). When asked if he understood the possible penalty for each of those two offenses, defendant answered yes. As for the child-pornography offense, the court admonished defendant that it was a Class X felony (720 ILCS 5/11-20.1(c-5) (West 2014)) punishable by 6 to 30 years in prison. 730 ILCS 5/5-4.5-25 (West 2014). When asked if he understood the possible penalty for that offense, defendant answered yes.

¶ 6 When asked if he understood that each of the four offenses to which he was pleading had a mandatory consecutive sentence, defendant answered yes. When asked if he understood that a sentence imposed on any of the four offenses would be "mandatory consecutive to the sentences in the other cases," defendant answered yes. When asked if he had any questions about the charges or the sentencing process, defendant answered no.

¶ 7 Before sentencing, defendant moved *pro se* to withdraw his guilty plea. Defendant asserted, among other things, that he was not admonished that the minimum aggregate prison sentence for the four offenses was 21 years. The trial court took the matter under advisement and issued a written order denying the motion to withdraw the guilty plea. In its order, the court found that defendant's sworn testimony at the guilty plea hearing affirmatively rebutted his claim that he did not understand that he was eligible for a minimum aggregate sentence of 21 years. The court noted that defendant had testified that he understood the mandatory consecutive nature of the sentences and that he had no questions in that regard. Accordingly, the court found that there was nothing to suggest that defendant did not understand the consecutive nature of the sentences applicable to the four offenses. Finally, the court noted that, because the charge of aggravated

child pornography was probation eligible, the possible mandatory minimum aggregate prison sentence was 18 years as opposed to 21 years. Thus, the court denied the motion to withdraw.

¶ 8     The trial court sentenced defendant to 3 years' imprisonment for aggravated child pornography, 13 years' imprisonment for each of the predatory-criminal-sexual-assault offenses, and 6 years' imprisonment for child pornography, for an aggregate of 35 years in prison.

¶ 9     Following sentencing, defendant, who was then represented by counsel, filed an amended motion to withdraw the guilty plea, asserting, among other things, that defendant was not properly admonished of his eligibility for probation on the aggravated-child-pornography offense and adopted defendant's prior *pro se* motion to withdraw his guilty plea. At the hearing, the trial court noted that the transcript of the guilty plea hearing affirmatively showed that the court had admonished defendant that he was probation eligible. To the extent the amended motion to withdraw was based on a failure to admonish defendant regarding the minimum aggregate prison sentence for the four offenses, the court adopted its prior findings and denied the amended motion to withdraw. Defendant, in turn, filed this timely appeal.

¶ 10                                II. ANALYSIS

¶ 11     On appeal, defendant contends that he should have been allowed to withdraw his guilty plea, because the trial court failed to admonish him that (1) he was eligible for probation on the aggravated-child-pornography offense, and (2) the minimum aggregate prison sentence for the four offenses was 21 years.

¶ 12     A decision on a defendant's motion to withdraw his guilty plea is a matter of discretion and will not be disturbed on appeal absent an abuse of that discretion. *People v. Manning*, 227 Ill. 2d 403, 412 (2008). An abuse of discretion will be found only where the trial court's ruling is

arbitrary, fanciful, or unreasonable, or where no reasonable person would take the trial court's view. *People v. Delvillar*, 235 Ill. 2d 507, 519 (2009).

¶ 13    A defendant does not have an absolute right to withdraw his guilty plea, but he should be allowed to do so if it would correct a manifest injustice. *People v. Hillenbrand*, 121 Ill. 2d 537, 545 (1988). A plea may be withdrawn only where (1) the plea is based on a misapprehension of the facts or the law or on misrepresentations by defense counsel, (2) there is doubt as to the defendant's guilt, (3) the defendant has a defense worthy of consideration, or (4) the ends of justice would be better served to have a trial. *People v. Sharifour*, 402 Ill. App. 3d 100, 111-12 (2010). A guilty plea may be withdrawn if there is substantial objective proof showing that the defendant's mistaken impressions were reasonably justified. *People v. Davis*, 145 Ill. 2d 240, 244 (1991). However, the defendant has the burden to establish that the circumstances existing when he pled guilty, judged by objective standards, justified the mistaken impression. *Sharifour*, 402 Ill. App. 3d at 112.

¶ 14    Under Illinois Supreme Court Rule 402(a) (eff. July 1, 2012), a trial court must not accept a guilty plea without first admonishing the defendant of the nature of the charge, the minimum and maximum sentence, the right to plead guilty or not guilty, and the rights that are waived by pleading guilty. *People v. Williams*, 2012 IL App (2d) 110559, ¶ 13. The purpose of Rule 402(a)'s admonishments is to ensure that a defendant understands his plea, the rights he has waived, and the consequences of his plea. *Williams*, 2012 IL App (2d) 110559, ¶ 13. Not every admonishment error requires reversal, however, as substantial compliance with Rule 402(a) is sufficient to satisfy due process. *People v. Burt*, 168 Ill. 2d 49, 64 (1995). Substantial compliance requires an affirmative showing in the record that the defendant understood each of the required admonitions. *People v. Bailey*, 2021 IL App (1st) 190439, ¶ 27. Whether reversal is required depends on

whether real justice has been denied or whether the defendant had been prejudiced by the inadequate admonishment. *Davis*, 145 Ill. 2d at 250.

¶ 15    We first address defendant's contention that he was not admonished that he was eligible for probation on the aggravated-child-pornography charge. On the contrary, he was so admonished.

¶ 16    The record affirmatively rebuts defendant's contention. At the guilty plea hearing, the trial court advised defendant that the offense was a Class 2 felony and that defendant was probation eligible. Defendant acknowledged that he understood. Because defendant was properly admonished regarding his probation eligibility on the aggravated-child-pornography offense, his argument fails.

¶ 17    Defendant also contends that the trial court failed to adequately admonish him regarding the minimum aggregate prison sentence for the four offenses. We disagree.

¶ 18    Although the court did not state specifically that the minimum aggregate prison sentence was 21 years (if probation was not imposed on the aggravated-child-pornography offense), the court did advise defendant that the minimum prison sentence for aggravated child pornography was 3 years; for each of the predatory-criminal-sexual-assault offenses, 6 years; and for child pornography, 6 years. Those four minimum prison sentences totaled 21 years. Additionally, the court advised defendant that the sentence for each of those four offenses was to be served consecutively to the other sentences. Defendant acknowledged that he understood the minimum sentence for each of the four offenses and that each sentence was to be served consecutively to other sentences. Considering that defendant understood the minimum sentence for each offense and that each sentence would be served consecutively to the other sentences, he would have also understood that the total of the minimum sentences was 21 years. Although it would have been

optimal for the court to advise defendant that the minimum aggregate sentence was 21 years in prison, the admonishments were sufficient, under the circumstance, to advise defendant in that regard. Because the court substantially complied with Rule 402(a), it did not abuse its discretion in denying the motion to withdraw the guilty plea.

¶ 19                                      III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County.

¶ 21    Affirmed.