NOTICE

Decision filed 10/02/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170343-U

NO. 5-17-0343

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clay County. |
| | ) | |
| v. | ) | No. 15-CF-88 |
| | ) | |
| DANIEL M. PACE, | ) | Honorable Ericka A. Sanders and |
| | ) | Honorable Wm. Robin Todd, |
| Defendant-Appellant. | ) | Judges, presiding. |

JUSTICE WHARTON delivered the judgment of the court.
Justices Barberis and Overstreet concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Where the trial court allowed the defendant to leave the Clay County jail to enter a Chestnut Health Services substance abuse treatment facility, the deviation from standard custody was court-ordered and not derived from an order of the executive branch, and thus the stay was noncustodial in nature and the trial court's order denying presentence credit for the days he spent in the treatment facility was not an abuse of discretion. Where the trial court considered all mitigating and aggravating factors and the defendant was eligible for an extended-term sentence, the trial court did not abuse its discretion by sentencing the defendant to a term within the statutory limits. Where the defendant was not prejudiced by the trial court's omission of a portion of the Supreme Court Rule 402A (Ill. S. Ct. R. 402A (eff. Nov. 1, 2003)) admonishments before the defendant admitted the State's allegations in its petition to revoke his enrollment in the Effingham Area Problem-Solving Court program, we affirm the trial court's judgment.

¶ 2   The defendant, Daniel M. Pace, appeals from a judgment revoking his probation for possession of methamphetamine and sentencing him to seven years in the Illinois Department of Corrections with one year of mandatory supervised release. He contends that the trial court erred

1

in three ways: failed to grant his request for presentencing credit for time spent in a private drug rehabilitation facility; entered an excessive sentence; and revoked his alternate drug court treatment program without first providing a Supreme Court Rule 402A(a)(6) (Ill. S. Ct. R. 402A(a)(6) (eff. Nov. 1, 2003)) admonishment. For the reasons stated in this order, we affirm.

¶ 3                                I. BACKGROUND

¶ 4     On December 10, 2015, the State charged the defendant with one count of unlawful possession of methamphetamine, a Class 3 felony (720 ILCS 646/60(a) (West 2014)), and one count of unlawful possession of drug paraphernalia, a Class A misdemeanor (720 ILCS 600/3.5(a) (West 2014)). At his arraignment, the trial court advised him that because he was charged with a Class 3 felony, he could receive a prison sentence of 2 to 10 years. The defendant acknowledged that he both understood the felony charge and the possible penalties.

¶ 5     On May 3, 2016, the trial court entered an order releasing the defendant from pretrial custody to attend inpatient substance abuse treatment at a Chestnut Health Systems (Chestnut) facility in Bloomington, Illinois. The order stated that he was to be released on May 4, 2016, and transported directly to the Bloomington facility for immediate admission. Upon completion of the Chestnut program, the defendant was ordered to return to pretrial incarceration at the Clay County jail. While outside of the Clay County jail, the defendant was ordered not to consume or possess any alcohol or illicit substances; to be subject to random drug and alcohol testing by either the Clay County Probation Department or Chestnut; to sign all Chestnut paperwork required to provide the Clay County Probation Department with access to updates and progress notes; and to abide by all of Chestnut's inpatient treatment terms and conditions. The defendant next appeared in court on June 8, 2016, after his successful completion of Chestnut's substance abuse program.

¶ 6    The defendant was accepted into the Effingham Area Problem-Solving Court program (Drug Court) on August 12, 2016. The defendant pled guilty to the unlawful possession of methamphetamine charge pursuant to the terms of his admission into the program. Thereafter, all further court proceedings concerning the methamphetamine charge were stayed, and the drug paraphernalia charge was dismissed. Although the record on appeal does not contain a transcript of the plea hearing, an entry in the record indicates that the trial court advised the defendant of his extended-term eligibility at the plea hearing.

¶ 7    On September 29, 2016, the State filed a petition to revoke the defendant's participation in Drug Court, alleging that the defendant committed retail theft and other violations. The defendant was arrested on the retail theft charge in Richland County and was released on a recognizance bond in that case on October 17, 2016. Shortly thereafter, the defendant's whereabouts became unknown. The defendant was apprehended in Texas on November 18, 2016. The petition was amended on November 30, 2016, to include the defendant's purposeful absence from the state while he was released on bond.

¶ 8    The trial court held its hearing on the State's petition to revoke the defendant's participation in Drug Court on March 17, 2017. The defendant admitted certain allegations in the petition and consented to the trial court's revocation of his participation in Drug Court. Prior to accepting the defendant's consent, the trial court provided admonishments required by Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003). While the trial court did not specifically admonish the defendant about the sentencing range for the underlying felony offense, the court did inform the defendant at the beginning of the hearing as follows:

> "I'm going to go over these paragraphs with you to make sure that at this moment, I'm confident that you understand what you're admitting. In Paragraph 1, it is alleged that you were admitted into Drug Court in this case on August 12, 2016, after pleading guilty to unlawful possession of methamphetamine, a Class 3 felony."

3

After reading the State's allegations against the defendant on the record and confirming that the defendant understood those allegations, the trial court stated:

> "THE COURT: Mr. Pace, you have a right to a hearing today. At the hearing, you would have the right to cross-examine the State's witnesses. The State would have to prove that all of these things in this petition are true by a preponderance of the evidence. You would have the right to testify. You would have the right to present your own evidence. Call your own witnesses. But by admitting that the allegations in the paragraphs I read to you are true, you're admitting those and there won't be a hearing. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you admitting the allegations in those paragraphs?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Is anyone forcing you to do so?
>
> THE DEFENDANT: No, sir [*sic*].
>
> THE COURT: Are you admitting it freely and voluntarily?
>
> THE DEFENDANT: Yes, ma'am."

The defendant answered all the trial court's questions in the affirmative.

¶ 9    The defendant was sentenced on April 10, 2017. At the hearing, the trial court took note of the defendant's extensive criminal history of convictions and prison sentences. Neither side presented evidence in mitigation or aggravation. The defendant asked the trial court to consider his drug addiction in mitigation as well as his claim that he never intended to harm anyone, while the State asked the trial court to consider the defendant's criminal history of 17 felony convictions. Both sides acknowledged that the defendant was eligible for an extended-term sentence. The trial court found that the defendant's drug addiction should be considered as an aggravating factor because of its associated extensive criminal history and noted that the most concerning conviction on the defendant's record involved the manufacture of methamphetamine. The trial court sentenced the defendant to seven years in prison, to be followed by one year of mandatory

4

supervised release. The defendant received a credit for 381 days served in custody, including the four days in transporting the defendant from Texas to Clay County. The defendant asked the trial court to grant him an additional 27 days of presentence credit for the time he spent in Chestnut's substance abuse treatment program. The trial court denied the defendant's request, stating: "The court will not grant as a matter of discretion any time for time spent in drug court."

¶ 10    The defendant filed a motion to reconsider his sentence. In the motion and at the hearing, the defendant asked the trial court to reduce his sentence from seven years to four to five years. During the hearing, counsel for the defendant and the State argued about whether the defendant should have received credit against his sentence for his time spent in substance abuse treatment. At issue was whether this time was "custodial" in nature. At the conclusion of the hearing, the trial court denied the motion.

¶ 11                                  II. ANALYSIS

¶ 12    Defendant timely filed this direct appeal on August 29, 2017. This court has jurisdiction pursuant to Illinois Supreme Court Rules 603 and 606, as well as article VI, section 6 of the Illinois Constitution. Ill. S. Ct. R. 603 (eff. Feb. 6, 2013); R. 605 (eff. Oct. 1, 2001); Ill. Const. 1970, art. VI, § 6.

¶ 13    On appeal, the defendant raises three issues. First, he argues that the trial court abused its discretion in denying his request for credit for the time he spent in substance abuse treatment. Second, the defendant argues that his seven-year sentence is excessive. Third, he argues that the trial court failed to admonish him of the applicable sentencing range pursuant to Illinois Supreme Court Rule 402A(a)(6) (eff. Nov. 1, 2003) before the trial court accepted his admission to the State's allegations in its petition to revoke his participation in Drug Court.

5

¶ 14             A. Credit for Time Spent in Substance Abuse Treatment Facility

¶ 15    The defendant first argues that he should be granted presentencing credit for the time he

spent in substance abuse treatment at a Chestnut facility. The applicable presentencing credit

statute states:

> "[T]he offender shall be given credit on the determinate sentence or maximum term and
> the minimum period of imprisonment for the number of days spent in custody as a result
> of the offense for which the sentence was imposed. *** The trial court may give credit to
> the defendant for the number of days spent confined for psychiatric or substance abuse
> treatment prior to judgment, if the court finds that the detention or confinement was
> custodial." 730 ILCS 5/5-4.5-100(b) (West 2014).

The construction and application of this statute present questions of law which we review on a

*de novo* basis. *People v. Caballero*, 228 Ill. 2d 79, 82 (2008). However, a trial court's discretionary

sentencing decisions are reviewed for an abuse of discretion. *People v. Streit*, 142 Ill. 2d 13, 18-

19 (1991). The phrasing of section 5-4.5-100(b) of the Unified Code of Corrections—"[t]he trial

court *may* give credit to the defendant for the number of days spent confined for psychiatric or

substance abuse treatment prior to judgment, if the court finds that the detention or confinement

was custodial" (emphasis added) (quoting 730 ILCS 5/5-4.5-100(b))—is permissive and, thus, the

trial court's decision is discretionary.

¶ 16    Here, the defendant argues that the trial court abused its discretion in denying presentence

credit in two ways. First, he claims that the trial court misunderstood his request for credit and

exercised no discretion one way or the other. Second, he claims that the trial court abused its

discretion because his stay was "custodial" in nature.

¶ 17    The defendant claims that the trial court misunderstood his request because in denying his

request the court stated that it would not allow credit for "time spent in drug court." He theorizes

that the trial court's use of the word "court" indicates that the court must have thought he was

seeking credit for the entirety of his admission into the Drug Court program. The State counters

6

that the trial court merely misspoke in using the term "court" instead of an alternate word signifying treatment or a program. When there is an issue about the exact words used by a trial court that could indicate a failure to exercise discretion, the reviewing court should interpret that wording in context by considering the entire record of the proceeding. See *People v. Fuller*, 205 Ill. 2d 308, 328-29 (2002). At the beginning of the hearing, the defendant's attorney noted that the presentence investigation report listed 376 days of time served. He noted a correction of one additional day in February 2016, which was allowed; noted the four days of travel from Texas to Clay County in December 2015 that had been omitted; and asked the trial court to also add the days the defendant spent in substance abuse treatment. Later in the hearing, the attorney for the defendant asked the trial court to count the 29 days that the defendant spent in substance abuse treatment as presentence time served: "That is something the court can credit him with and we would be requesting that he receive a credit. It's a permissible credit under the statute I believe. It's not mandatory but can be granted by the court and we would request that."

¶ 18    Here, the trial court stated that it was granting "credit for 381 days for time served in custody. That represents the full amount of numbers that were shown in the PSI including the four days of travel time from Texas. The court will not grant as a matter of discretion any time for time spent in drug court." We agree with the State's theory that the trial court merely misspoke and used the word "court" instead of the correct term, "treatment," or one of its synonyms. In reaching this conclusion, we again note that the defendant did not ask the trial court to count the days he spent in Drug Court as presentence credit; instead he asked the court to count the 29 days spent in the Chestnut substance abuse treatment program. We also take notice of the fact that the defendant did not raise this "mistake" in his motion for reconsideration of his sentence or in his amended motion. Instead of characterizing the trial court's order as mistaken for not including the entire

7

number of days he participated in the Drug Court program as presentence custody, the defendant provided additional information about the terms of his substance abuse treatment stay at Chestnut in an effort to have the trial court conclude that his treatment time was "custodial" in nature.

¶ 19     We next address the second issue raised by the defendant—that the trial court abused its discretion in denying his request for substance abuse treatment presentence credit because his stay at Chestnut was custodial in nature. To determine if the defendant's stay at Chestnut was custodial in nature, we start with the meaning of the term. The term "custody" is defined as the legal duty to submit to the unilateral authority of the executive branch and not as physical confinement. *People v. Beachem*, 229 Ill. 2d 237, 246-55 (2008). If the limits of a defendant's confinement are set by the trial court and not by the executive branch, then the defendant is not in "custody." *Id.* at 249-54. For example, despite conditions placed upon bond, a defendant is not in "custody" when released on bond. *People v. Ramos*, 138 Ill. 2d 152, 154-59 (1990) (a defendant who was released on bond, but only allowed to leave his house on three occasions in a 168-day period, was not in custody); see also *People v. Smith*, 2014 IL App (3d) 130548, ¶ 38 (where the appellate court held that home confinement pursuant to an appeal bond is not "custody" for presentence credit because the terms were set by the trial court and not by the executive branch). However, where a defendant is released from jail to attend substantive programs arranged by the county sheriff, "the sheriff's decision to modify the means used to hold defendant had no impact on the sheriff's legal authority over defendant or on defendant's obligation to submit to that authority" and thus any time the defendant spent in the sheriff's program was custodial in nature. *Beachem*, 229 Ill. 2d at 252; see also *In re Christopher P.*, 2012 IL App (4th) 100902, ¶¶ 4, 41 (the juvenile defendants were in "custody" during days spent in a behavior modification program because the program was run by the county; the juveniles were housed within the detention center; they were not segregated from

8

nonparticipating juvenile residents; the detention officers served as treatment coordinators; and participants were subject to extended participation in the program at the discretion of the detention center officials instead of the court).

¶ 20    We find that the facts and legal analysis on the issue of custody in *People v. Beachem* are instructive. In *Beachem*, the defendant was released from the Cook County jail with the understanding that he would participate in the Cook County Sheriff's Day Reporting Program. *Beachem*, 229 Ill. 2d at 239. While participating in the sheriff's program, the defendant remained in the sheriff's legal custody, had to submit to the sheriff's authority at any time and for any reason, and had no recourse pursuant to state statutes if the sheriff discontinued the day program and reincarcerated him. *Id.* at 253. Furthermore, the amount of time the defendant spent in the day program and any services provided to him during that time were solely at the discretion of the Cook County sheriff's office. *Id.* The *Beachem* court noted that this program was state-run. *Id.* The sheriff maintained legal authority over the defendant and over the day program as well as physical custody of the defendant each day he spent in the program. *Id.* at 254. The appellate court stated that custody "involves more than mere physical possession and geographic limitation." *Id.* at 252. Although a classic dictionary definition of "custody" would seem to incorporate any "degree of state control," Illinois courts have found that "some state control is outside the definition of 'custody'" *Id.* At issue is the defendant's "legal duty to submit to custody and not the actual physical confinement, or lack thereof." *Id.* (citing *People v. Simmons*, 88 Ill. 2d 270, 273 (1981)). In concluding that the defendant was in "custody" and entitled to presentence credit, the *Beachem* court stated: "Here, it is the sheriff, not a court, who has chosen to modify the means used to hold defendant." *Id.* at 255.

9

¶ 21    In this case, the terms of the defendant's release to the Chestnut substance abuse treatment facility were dictated by the trial court and not by the county, and this distinction is critical to the issue of the "custodial" nature of that treatment. Here the court authorized the defendant's release from the Clay County jail and transportation to the Chestnut facility for substance abuse treatment. Although there were conditions placed upon his time spent at Chestnut, those conditions, and his release, were all dictated by the trial court—and not by the executive branch. *Id.* at 252. We find that the defendant's stay at Chestnut was not custodial in nature, and therefore the trial court's decision to deny presentence credit is correct.

¶ 22                              B. Excessive Sentence

¶ 23    The defendant next challenges the trial court's sentence as excessive. On appeal, we will not reverse a sentence unless the trial court abused its discretion. *People v. Stacey*, 193 Ill. 2d 203, 209-10 (2000). "[A] sentence within statutory limits will be deemed excessive [only if it is] manifestly disproportionate to the nature of the offense." *Id.* at 210. Our review of a sentence must be based upon each case's facts and circumstances. *People v. Fern*, 189 Ill. 2d 48, 53 (1999).

¶ 24    Illinois law mandates that sentences "be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11; 730 ILCS 5/1-1-2 (West 2014); *People v. Clemons*, 2012 IL 107821, ¶ 29. The trial court is required to balance to the "retributive and rehabilitative purposes of punishment." *People v. Center*, 198 Ill. App. 3d 1025, 1033 (1990). All factors in aggravation and mitigation must be considered. *People v. Quintana*, 332 Ill. App. 3d 96, 109 (2002).

¶ 25    Here, the trial court sentenced the defendant to a seven-year term of incarceration. He had pled guilty to a Class 3 felony which has a nonextended term statutory sentencing range of 2 to 5 years and an extended-term range of 5 to 10 years. 720 ILCS 646/60(b)(1) (West 2014); 730 ILCS

5/5-4.5-40(a) (West 2014). The defendant was eligible for an extended-term sentence because of his prior convictions. 730 ILCS 5/5-5-3.2(b)(1) (West 2014). Both the defendant and the State acknowledge that the defendant was eligible for an extended-term sentence. Here, the defendant's sentence is within the statutory limits. If a sentence is within the statutory limits, the sentence will not be deemed excessive unless "the sentence is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *Stacey*, 193 Ill. 2d at 210.

¶ 26    The defendant argues that his sentence was not in keeping with the spirit or purpose of the law and was manifestly disproportionate to the offense because the trial court did not give adequate weight to the mitigating factors and failed to consider the rehabilitative purpose of sentencing. He argues that the trial court should have construed his addiction to methamphetamine as a mitigating factor; that the amount of methamphetamine he possessed at arrest was for personal use and was not of a quantity seen if he had been selling the drug; that he struggled with depressive disorder, attention deficit hyperactivity disorder, generalized anxiety, and post-traumatic stress disorder; that he grew up in a physically abusive household; that no one was hurt by his crime; that his lengthy criminal history involved mostly nonviolent offenses; and that he had rehabilitative potential with construction, electrical, HVAC, and EPA skills and certifications.

¶ 27    The defendant is correct in arguing that a trial court must consider factors in aggravation and mitigation. *People v. Calhoun*, 404 Ill. App. 3d 362, 385 (2010). However, the presence of a mitigating factor does not automatically mandate a minimum or reduced sentence. *People v. Jones*, 2014 IL App (1st) 120927, ¶ 55. In mitigation, the trial court must consider evidence that the defendant's criminal conduct caused or threatened physical harm or evidence that the defendant did not contemplate that his conduct would cause serious harm. 730 ILCS 5/5-5-3.1(a) (West

11

2014). In aggravation, the trial court must consider the defendant's past criminal or delinquent history. *Id.* § 5-5-3.2(a).

¶ 28    Addiction to drugs is not specifically identified as a factor in aggravation or in mitigation, and thus the trial court may consider addiction in either capacity. *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 105. The trial court is not required to consider addiction as a factor in mitigation. *People v. Mertz*, 218 Ill. 2d 1, 83 (2005). A trial court may properly conclude that a "defendant's drug addiction lessened his rehabilitative potential, increased the seriousness of the offense, increased the need to protect society, and increased the need for deterrence." *Sturgeon*, 2019 IL App (4th) 170035, ¶ 108. Furthermore, drug addiction can be considered as a factor in aggravation if the addiction causes additional future unpredictability and criminal behavior or a low potential for rehabilitation. *Mertz*, 218 Ill. 2d at 83-84.

¶ 29    We have reviewed the record on appeal and find that the defendant's attorney argued all mitigating factors to the trial court. Thus, we can presume that the trial court properly considered those mitigating factors in determining an appropriate sentence. *People v. Hill*, 408 Ill. App. 3d 23, 30 (2011); *People v. Alexander*, 239 Ill. 2d 205, 213 (2010).

¶ 30    Here, the trial court found that the defendant's extensive criminal history was an aggravating factor. 730 ILCS 5/5-5-3.2(a) (West 2014). The trial court implicitly considered and rejected the defendant's contention that his methamphetamine possession offense did not cause physical harm to others when it concluded that the presence of methamphetamine in the community at large was inherently harmful. Finally, the trial court construed the defendant's long history of substance abuse as a factor in aggravation and stated that the defendant's addiction was connected to his extensive criminal history to support the addiction. As stated earlier, it is the trial

12

court's prerogative to construe drug addiction as a mitigating or aggravating factor at sentencing. *Mertz*, 218 Ill. 2d at 83.

¶ 31    In assessing a defendant's rehabilitative potential, the factors to consider are the " 'nature and circumstances of the offense and the history and character of the defendant ***.' " *People v. Flores*, 404 Ill. App. 3d 155, 159 (2010) (quoting *People v. Gibbs*, 49 Ill. App. 3d 644, 649 (1977)). A defendant's lengthy criminal history weighs heavily against a defendant's claim that he has a strong rehabilitative potential. *People v. Larsen*, 47 Ill. App. 3d 9, 31-32 (1977). The trial court does not have to make a direct finding that a defendant either has or lacks rehabilitative potential. *Quintana*, 332 Ill. App. 3d at 109. On appeal, the reviewing court can presume that the trial court considered a defendant's rehabilitative potential in imposing sentence. *People v. Babiarz*, 271 Ill. App. 3d 153, 164 (1995); *Hill*, 408 Ill. App. 3d at 30.

¶ 32    We find no evidence in this case that the trial court did not properly consider the defendant's rehabilitative potential in imposing sentence. From the record, the trial court carefully considered the defendant's presentence investigation report and heard the defendant testify about his rehabilitative potential. Therefore, we presume that the trial court appropriately considered the defendant's rehabilitative potential. *Hill*, 408 Ill. App. 3d at 30.

¶ 33    We also conclude that the trial court's sentence was not disproportionate to the seriousness of the methamphetamine possession offense. The trial court maintains the sentencing discretion in each case based upon the particular facts and circumstances involved. *Fern*, 189 Ill. 2d at 52. There is no question that the sentence is within the statutory guidelines. The defendant argues that the sentence is disproportionate because of the small amount of methamphetamine at issue. However, the State correctly argues that the criminal and penal statutory structures have already factored in the amount of methamphetamine at issue in determining the appropriate sentences. As in this case,

13

possession of less than five grams of methamphetamine carries a potential sentence of 2 to 10 years. 720 ILCS 646/60(b)(1) (West 2014); 730 ILCS 5/5-4.5-40(a) (West 2014); 730 ILCS 5/5-8-2 (West 2014). If the defendant had been charged with possession of 5 to 15 grams of methamphetamine, the sentence would have been 3 to 14 years. 720 ILCS 646/60(b)(2) (West 2014); 730 ILCS 5/5-4.5-35(a) (West 2014); 730 ILCS 5/5-8-2 (West 2014).

¶ 34 We find that the trial court properly considered all factors in mitigation, considered the rehabilitative purpose of sentencing, and imposed a sentence that was proportionate to the offense. The trial court did not abuse its discretion in sentencing the defendant to seven years, and we affirm.

¶ 35                           C. Rule 402A(a)(6) Admonishment

¶ 36 Finally, the defendant claims that he should be allowed to withdraw his admission to the State's petition to revoke his Drug Court status because the trial court did not substantially comply with the Supreme Court Rule 402A(a)(6) admonishment. The State replies that the trial court substantially complied with the required admonishments, and alternatively the defendant was not prejudiced by the omitted admonishment.

¶ 37 In Illinois, it is well-settled that a defendant is entitled to due process at a probation revocation hearing. Although an admission to a probation violation must be voluntary, "only the minimum requirements of due process must be followed in a probation revocation proceeding." *People v. Harris*, 392 Ill. App. 3d 503, 508 (2009). This is because a defendant is only entitled to minimal due process in a probation revocation setting is consistent with a well-established rule that "[a] defendant in a proceeding to revoke probation has fewer, rather than more, procedural rights than a defendant who still awaits trial." *People v. Dennis*, 354 Ill. App. 3d 491, 495 (2004).

14

¶ 38    Illinois Supreme Court Rule 402A codified the admonishments that must be provided to a defendant before the defendant admits to a State petition seeking to revoke his probationary or supervisory status. The rule provides as follows:

> "The court shall not accept an admission to a violation, or a stipulation that the evidence is sufficient to revoke, without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands the following:
>
>     (1) the specific allegations in the petition to revoke probation, conditional discharge or supervision;
>
>     (2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;
>
>     (3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;
>
>     (4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;
>
>     (5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, conditional discharge or supervision, so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and
>
>     (6) the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge or supervision." Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003).

Therefore, admonishments are required to ensure that a defendant's waiver of his rights is done knowingly, intelligently, and voluntarily. *People v. Hall*, 198 Ill. 2d 173, 177-82 (2001).

¶ 39    Rule 402A mandates "substantial compliance" with admonitions to be provided to the defendant in proceedings to revoke probation, conditional discharge, or supervision. Ill. S. Ct. R. 402A. A trial court's compliance with Supreme Court Rule 402A is reviewed on a *de novo* basis. *People v. Ellis*, 375 Ill. App. 3d 1041, 1046 (2007). The defendant did not raise this issue in the trial court, but challenges to admonishments are not typically subject to forfeiture. *People v.*

15

*Whitfield*, 217 Ill. 2d 177, 188 (2005) (stating that it would not be fair to hold that a defendant forfeited the right to bring a postconviction claim about an omitted admonishment because that would place the onus on the defendant to ensure his own admonishment); see also *In re Westley A.F.*, 399 Ill. App. 3d 791, 795 (2010).

¶ 40    The defendant argues that we should conclude that the trial court's omission of the Supreme Court Rule 402A(a)(6) admonition, coupled with the full admonition as to the sentence range at his guilty plea, does not constitute substantial compliance because of the time gap between the two hearings. The trial court accepted the defendant's guilty plea on August 12, 2016, and his consent to revoke his participation in Drug Court on March 17, 2017. He argues that this gap of seven months is too long, and therefore, his due process rights were denied.

¶ 41    Substantial compliance with Supreme Court Rule 402A(a)(6) is demonstrated if the defendant understood the contents of the admonishment even if the trial court omitted it at a court hearing. *People v. Walker*, 109 Ill. 2d 484, 498-99 (1985); *Dennis*, 354 Ill. App. 3d at 495. The purpose of Supreme Court Rule 402A(a)(6) is "to ensure that defendant understood *** the potential consequences of his admission." *Dennis*, 354 Ill. App. 3d at 496. "In determining whether substantial compliance was had, courts consider the entire record, including what transpired at earlier proceedings." *In re Westley A.F.*, 399 Ill. App. 3d at 796. Therefore, when a defendant challenges the trial court's failure to admonish him about the sentencing range faced in a revocation hearing, the reviewing court must assess whether "realistically, an ordinary person in defendant's position would have understood, from the earlier proceedings, that by admitting [to the] petition to revoke," he was facing the sentencing range for his earlier guilty plea to the underlying offense. *Dennis*, 354 Ill. App. 3d at 496.

¶ 42    Every case must be considered on its specific facts, "with the main focus being on the length of time between the admonishments and the admission." *In re Westley A.F.*, 399 Ill. App. 3d at 796. Courts can also consider whether other parts of the exchange between the trial court and the defendant indicate that the defendant understood the contents of the omitted admonishment. *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 16. Here, there were seven months in between admonishments. Illinois courts have found that 20 months between admonishments does not constitute substantial compliance (*id.* ¶ 15), but 1 month between admonishments does constitute substantial compliance. *Dennis*, 354 Ill. App. 3d at 496. The State argues that substantial compliance occurred in this case because the 7-month gap in this case is closer to the 1-month gap of *Dennis*, than the 20-month gap of *Saleh*. In support, the State reminds this court that a large portion of the seven-month gap occurred because the defendant fled Illinois to travel to Texas, and argues that he should not be rewarded by this increased gap between admonishments due to his misdeeds.

¶ 43    Although the failure to admonish a defendant could be a critical factor, that failure, " 'standing alone, does not automatically establish grounds for reversing the judgment or vacating the plea.' " *People v. Bryant*, 2016 IL App (5th) 140334, ¶¶ 37-41 (quoting *People v. Delvillar*, 235 Ill. 2d 507, 520 (2009)) (where the trial court omitted three of the required admonitions—the right to persist in his plea of not guilty; whether any promises were made to induce his plea; and the sentence range—, the reviewing court found those omissions were not sufficient to reverse because the defendant could not establish that he was prejudiced). When the plea is negotiated and the defendant is represented by counsel at the time that the plea was negotiated and accepted, " 'reversible error would occur only if he can establish that he was actually unaware of the possible punishment.' " *Id.* ¶ 41 (quoting *People v. Hale*, 96 Ill. App. 3d 187, 190 (1981)).

17

¶ 44    The reviewing court must next determine whether "real justice has been denied or whether the defendant has been prejudiced by the inadequate admonishment" as a step in the court's due process analysis to determine if reversal is mandated because of the trial court's omission. *People v. Davis*, 145 Ill. 2d 240, 250 (1991). Furthermore, the defendant bears the burden to establish that he was prejudiced. To do so, he must demonstrate that he could have obtained a different result if properly admonished. *Bryant*, 2016 IL App (5th) 140334, ¶ 38 (quoting *Delvillar*, 235 Ill. 2d at 522); see, *e.g.*, *People v. Williams*, 2012 IL App (2d) 110559, ¶ 18 (to establish prejudice based upon an improper admonishment, the defendant must establish that he would have pleaded differently if properly admonished).

¶ 45    With consideration of these legal tenets, we must determine whether there was substantial compliance with Rule 402A in this case. The State argues that the trial court substantially complied with the Rule 402A admonishments and that the defendant understood what his sentence range would be at his hearing on the State's petition to revoke because he had been admonished only seven months earlier. Conversely, the defendant argues that the trial court did not substantially comply because of the omission, but he does not address or argue his "lack of understanding" of the sentence range other than to point to the same seven-month gap. We note that there is no dispute that the admonishment at the defendant's guilty plea hearing included the correct sentence range admonishment required by Rule 402A(a)(6).

¶ 46    We conclude that the record in this case does not definitively establish that the defendant did not understand the sentencing range for his methamphetamine possession offense when he entered his admission to the State's petition to revoke. The defendant does not claim that he was unaware of the sentencing range he faced. See *Bryant*, 2016 IL App (5th) 140334, ¶ 41. The defendant bears the burden of proof that an improper admonishment caused prejudice or denied

18

real justice. *Delvillar*, 235 Ill. 2d at 522. A defendant proves prejudice or denial of real justice if he can affirmatively show that he would have made a different decision and potentially obtained a different result if he had been properly admonished. See, *e.g.*, *Williams*, 2012 IL App (2d) 110559, ¶ 18 (where the defendant's claim that he would not have entered a plea if he had been correctly admonished was only supported by his statement that " 'it would be more advantageous to elect to stand trial,' " the reviewing court found that he had not proved prejudice). In this case, the defendant does not specifically claim that he was prejudiced by the trial court's omitted admonishment—that he would have pursued a contested hearing. *Id.*; *Whitfield*, 217 Ill. 2d at 195.

¶ 47    In addition, we find no evidence in this case that the defendant was actually misled by an incorrect admonishment. Incorrect admonishments can contribute to a showing of prejudice. See *Davis*, 145 Ill. 2d at 250-51 (finding that repeated incorrect admonishments contributed to a showing that the defendant suffered prejudice); *Ellis*, 375 Ill. App. 3d at 1048-49 (finding that repeated incorrect admonishments about the applicable sentencing range constituted prejudice).

¶ 48    The State also argues that the trial court would have revoked the defendant's Drug Court status even if he had elected to proceed to a contested hearing. The defendant has not responded to this argument on appeal. In support of its argument, the State cites to the record of the hearing on the State's petition to revoke. The State informed the court that if the case went to hearing, it would call Tara Conklin, the defendant's Drug Court probation officer, who would testify that the defendant failed to comply with Drug Court terms in the following three ways: a home visit, counseling services, and drug testing. Conklin would also testify about the defendant's Richland County arrest, release on bond, and subsequent disappearance. Finally, Conklin would testify that she discovered the defendant in Texas upon learning of a November 18, 2016, arrest in that state.

19

The State also indicated that it would have called the loss prevention officer for a Richland County retail establishment where the defendant was arrested for theft in October 2016.

¶ 49    The defendant agreed with the claims alleged by the State in its petition to revoke. He also acknowledged that the State could prove these claims by a preponderance of the evidence.

¶ 50    The trial court stated that it had found a factual basis for the State's petition to revoke the defendant's Drug Court participation. The trial court stated that the defendant was admitted into Drug Court on August 12, 2016, after pleading guilty to unlawful possession of methamphetamine, a Class 3 felony, and was not satisfactorily performing in the Drug Court treatment program and otherwise violated the terms and conditions of the Drug Court program as follows: the defendant failed to report for a home visit on August 22, 2016; he failed to comply with individual and group counseling sessions from October 17, 2016, through November 14, 2016; he failed to report for drug testing on numerous dates in October and November 2016; he was charged with retail theft in Richland County; he violated the conditions of the Richland County recognizance bond dated October 17, 2016, by failing to appear in court on October 31, 2016, and further failed to report to the Richland County Probation Department; he failed to make contact with the Drug Court probation office upon his release from the Richland County jail on October 17, 2016, after which his whereabouts were unknown until he was apprehended on November 18, 2016, in Texas; and he failed to appear in Drug Court on October 21, 2016.

¶ 51    Overall, we disagree with the defendant's argument that his admission to the State's petition to revoke his Drug Court participation should be vacated and the cause remanded for further proceedings. While there is no question that the trial court failed to advise the defendant of the sentence range he faced at the hearing, the record on appeal does not contain support for the defendant's claim that his due process rights were violated. As this revocation of the defendant's

20

Drug Court status was equivalent to a probation revocation hearing, this conclusion is in keeping with the minimal due process in a probation revocation setting. *Dennis*, 354 Ill. App. 3d at 495. The defendant was fully admonished about the sentence range seven months before the hearing at issue. There is no evidence or argument that the defendant was unaware of the sentencing range he faced at the hearing on the State's petition to revoke, and he was represented by counsel at the hearing. *Bryant*, 2016 IL App (5th) 140334, ¶ 41.

¶ 52    Furthermore, our determination on the issue of due process must involve more than the seven-month span of time, because an improper admonishment alone does not automatically establish grounds for a reversal. *Id.* ¶ 39. In this case, the trial court did not provide incorrect sentencing information which can be deemed prejudicial. See *Davis*, 145 Ill. 2d at 250-51. Therefore, there is no evidence that the trial court misled the defendant. Additionally, there is no evidence or argument presented by the defendant that he would have contested the petition to revoke if the trial court had admonished him about the sentencing range. *Williams*, 2012 IL App (2d) 110559, ¶ 18. Although the trial court clearly had a factual basis to revoke the defendant's participation in Drug Court, we do not need to make that finding to reach the conclusion that the defendant has not established that he was prejudiced and denied real justice by the omission of the admonishment pursuant to Rule 402A(a)(6). *Davis*, 145 Ill. 2d at 250.

¶ 53    We also do not find merit in the defendant's argument that the State compounded the improper admonishment by improperly admonishing him on his appeal rights. Here, the error was not compounded because the defendant successfully brought this appeal despite the allegedly improper appeal admonishment.

¶ 54                                    III. CONCLUSION

¶ 55    For the foregoing reasons, we affirm the judgment and sentence of the Clay County circuit

court.


¶ 56    Affirmed.