2021 IL App (1st) 190439

SIXTH DIVISION
March 31, 2021

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

No. 1-19-0439

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 11673 |
| | ) | |
| AMOS BAILEY, | ) | Honorable |
| | ) | Diane Cannon, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court, with opinion.
Justices Connors and Oden Johnson concurred in the judgment and opinion.

**OPINION**

¶ 1    In 2017, in exchange for a sentence of two years of probation, defendant Amos Bailey pleaded guilty to possession with intent to deliver 1 to 15 grams of heroin. While on probation, Mr. Bailey was arrested and pleaded guilty to several other criminal offenses. The State petitioned the trial judge that had sentenced Mr. Bailey to probation to revoke his probation and sentence him to prison. At the hearing on the State's petition, the judge told Mr. Bailey that he faced 15 years in prison but that she would sentence him to 10 years if he admitted to violating his probation. Mr. Bailey agreed.

¶ 2    On appeal, Mr. Bailey argues his due process rights were violated because the trial judge failed to properly admonish him, in accordance with Illinois Supreme Court Rule 402A (eff. Nov.

1, 2003), before accepting his admissions to violations of probation. Specifically, Mr. Bailey argues the court failed to inform him of the sentencing range he faced for the underlying narcotics charge or to tell him that an additional 2 years of mandatory supervised release (MSR) would be imposed on the 10-year prison term he agreed to. We agree, and for the reasons that follow, we vacate the judgment of the trial court and remand with directions to allow Mr. Bailey either to withdraw his admissions to violations of probation or, if he chooses to stand by those admissions, to accept a reduced sentence of eight years, followed by two years of MSR.

¶ 3                          I. BACKGROUND

¶ 4     Mr. Bailey was arrested on July 7, 2017, when he was 18 years old, and charged with (1) possession with intent to deliver 15 to 100 grams of heroin (720 ILCS 570/401(a)(1)(A) (West 2016)); (2) possession with intent to deliver 1 to 15 grams of heroin within 1000 feet of a public park (*id.* §§ 401(c)(1), 407(b)(1)); and (3) possession with intent to deliver less than 10 grams of phencyclidine (PCP) within 1000 feet of a public park (*id.* §§ 401(d), 407(b)(2)).

¶ 5     On August 22, 2017, the State informed the trial court that it had reached a deal with Mr. Bailey. The State would nol-pros all but the second count for possession with intent to deliver 1 to 15 grams of heroin and would strike the language stating that the possession had been within 1000 feet of a public park, reducing the offense from a Class X to a Class 1 felony. If Mr. Bailey pleaded guilty to this reduced charge, the State would agree to a sentence of two years of probation. When asked by the court, "how do you plead to the amended charge, the Class 1 felony possession of heroin, guilty or not guilty?" Mr. Bailey said, "[g]uilty." The trial court judge confirmed that Mr. Bailey understood he was giving up the right to plead not guilty and proceed to trial, where the State would have to prove him guilty beyond a reasonable doubt. The court also questioned Mr. Bailey to ascertain whether his plea was voluntary.

¶ 6    The court explained to Mr. Bailey that he "could have received 30 years in the penitentiary as originally charged" but that the agreement to reduce count II from a Class X to a Class 1 felony reduced the maximum penalty to 15 years. If Mr. Bailey took the deal, he would be sentenced to two years of probation. But the court made clear to him that if he violated his probation "by not reporting or by testing positive for illegal drugs while on probation or picking up a new case, a felony or a misdemeanor," he could be "re-sentenced on this case to the penitentiary for 15 years." Mr. Bailey stated that he understood this and wanted to accept the State's deal.

¶ 7    The parties stipulated that, if called at trial, Officer Patrick Martino would testify that on July 7, 2017, he observed Mr. Bailey engage in three hand-to-hand transactions with unknown individuals in the vicinity of 4712 West Van Buren Street and, when subsequently detained, Mr. Bailey was found to be in possession of five plastic bags suspected to contain heroin and $75 in cash. Monica Kinslow, a forensic scientist from the Illinois crime lab, would also testify that she weighed and tested three of the bags and found them to contain 1.2 grams of a substance testing positive for heroin. The trial judge accepted this factual basis for the plea, found Mr. Bailey guilty of "the amended Count 2 as a Class 1 felony," and sentenced him to two years of probation.

¶ 8    In petitions filed in late 2017 and early 2018, the State alleged that Mr. Bailey did in fact violate the conditions of his probation by, among other things, committing a vehicular hijacking on January 4, 2018, and unlawfully possessing a weapon and a stolen motor vehicle on January 5, 2018. Mr. Bailey pleaded guilty to those charges before a different judge in exchange for a sentence of four years on each charge, to be served concurrently.

¶ 9    On June 27, 2018, the judge in this case said to Mr. Bailey, "[y]ou're looking at 15 years in my courtroom and it can't be consecutive [*sic*], after you finish the 4, so that is 19 years." Mr. Bailey was given some time to speak with his lawyer, and when the case was recalled, the judge

addressed him as follows:

> "If you want to plead guilty today you are looking at 15 years. My offer to you is 10 years but it's consecutive. So you have a total of 14 to do.
>
> I believe you were out on bond on this Class X felony before you originally got the probation. So you only have a few days credit.
>
> So, it's up to you, sir. We can set it down for a hearing. The State has to prove by a preponderance of the evidence that while you were on probation for this Class 1 felony, which carries up to 15 years, you pled or were found guilty of a crime.
>
> So the State—that's all they have to prove by a preponderance of the evidence.
>
> If you want to take the offer, it's 10 years, if you don't, you're entitled to a hearing and you can get up to 15. It's totally up to you, sir."

Mr. Bailey indicated that he would consider the offer.

¶ 10 After several continuances, proceedings resumed on August 27, 2018, and the following exchange took place:

> "MR. TERRY [(DEFENSE COUNSEL)]: Yes, your Honor.
>
> This is a violation of probation. I believe you offered him 10 years on the violation.
>
> THE COURT: Yes.
>
> MR. TERRY: Mr. Bailey wishes to accept that.
>
> THE COURT: How do you plead to the violation of probation—
>
> THE DEFENDANT: Guilty.
>
> THE COURT:—while convicted of a crime while on this Court's probation, guilty or not guilty?
>
> THE DEFENDANT: Guilty."

¶ 11    The trial judge told Mr. Bailey that he "could have received 14 years in the penitentiary" and that "the agreement [was] for 10 years." She also questioned Mr. Bailey to determine if his plea was voluntarily made. The judge accepted, as an adequate factual basis, the parties' stipulations that Mr. Bailey had been convicted of a felony offense while on probation and had also failed to report to his probation officer. The judge stated that she would "go along with the agreement" and sentenced Mr. Bailey to "10 years in the Illinois Department of Corrections; two years [MSR] or parole."

¶ 12    The judge then asked, "[i]s this consecutive to his other case or concurrent?" to which the State replied "[o]n June 27, we had a conference, and the Court offered 10 consecutive to—." The judge then interjected, explaining to Mr. Bailey that the 10-year sentence he was agreeing to would be "[c]onsecutive to after you complete your sentences in [the vehicular hijacking and unlawful possession cases]."

¶ 13    Mr. Bailey filed a motion for reconsideration of his sentence, in which he argued that it was an abuse of discretion for the court to order his 10-year prison term to run consecutively to the concurrent 4-year terms he had received in his other cases. The judge denied the motion, and this appeal followed.

¶ 14                                    II. JURISDICTION

¶ 15    Mr. Bailey's timely motion to reconsider his sentence was denied by the court on February 21, 2019, and he filed his notice of appeal the same day. We have jurisdiction over this appeal under Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013) and Rule 606 (eff. July 1, 2017), governing appeals from final judgments in criminal cases.

¶ 16                                    III. ANALYSIS

¶ 17    Before accepting a defendant's admission to a violation of probation, conditional

discharge, or supervision, the trial judge must substantially comply with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003). In addition to ascertaining that the admission is voluntarily made and has an adequate factual basis (Ill. S. Ct. R. 402A(b)-(c) (eff. Nov. 1, 2003)), the court must personally address the defendant in open court to ensure that he or she is informed of and understands, among other things, "the sentencing range for the underlying offense for which the defendant is on probation, conditional discharge or supervision." Ill. S. Ct. R. 402A(a)(6) (eff. Nov. 1, 2003). If the admission is "the result of an agreement as to the disposition of the defendant's case," the judge must also question the defendant to "confirm the terms of the agreement." Ill. S. Ct. R. 402A(b) (Nov. 1, 2003). Mr. Bailey argues on appeal that the trial court failed to substantially comply with either of these requirements and, as a result, he should be allowed to either withdraw his admissions to violations of probation or have his sentence shortened to approximate the bargain he agreed to

¶ 18                            A. The State's Forfeiture Argument

¶ 19    The State argues that Mr. Bailey forfeited any claim that the trial judge failed to properly admonish him by failing to first raise this claim before that judge. The State acknowledges, as this court has held, that "a defendant who has admitted violating his or her probation is not required to move to withdraw the admission before appealing the order revoking the probation." *People v. Harris*, 392 Ill. App. 3d 503, 506-07 (2009). But the State directs our attention to the general rule, stated in *People v. Enoch*, 122 Ill. 2d 176, 186 (1988), that "[b]oth a trial objection and a written post-trial motion raising [an] issue are required for alleged errors that could have been raised during trial" (emphases omitted)). We agree with Mr. Bailey that this requirement is not applicable where, as here, the claim is that the trial court failed to give proper admonitions before accepting an admission to a probation violation in return for an agreed-upon sentence.

¶ 20    In *People v. Curry*, 2019 IL App (3d) 160783, ¶ 1, as here, the defendant appealed the revocation of his probation and his subsequent sentence of imprisonment on the basis that the trial judge failed to admonish him in substantial compliance with Rule 402A before accepting his admission to a probation violation. The State agreed that the court in that case had failed, among other things, to ensure that the defendant understood the sentencing range for his underlying offense but argued that the issue was forfeited. *Id.* ¶¶ 21-22. This court disagreed, concluding that the defendant's claim was "not subject to forfeiture" because it would be unfair to require a defendant to ensure the accuracy and completeness of his own admonitions. *Id.* ¶ 22. We had reached the same result in *In re Westley A.F.*, 399 Ill. App. 3d 791, 795 (2010), where we noted that "one of the procedural protections to which a probation-revocation respondent is entitled is a clear explanation of the sentencing range he faces."

¶ 21    The courts in *Curry* and *Westley A.F.* both relied on *People v. Whitfield*, 217 Ill. 2d 177, 188 (2005), where our supreme court held that forfeiture was not applicable to a defendant's claim that he was inadequately admonished before the court accepted a plea of guilty to a criminal offense. The State argued in *Whitfield* that, having failed to raise the adequacy of the trial court's Rule 402 admonitions in a motion to withdraw his guilty plea or on direct appeal, the defendant had forfeited the issue and could not raise it in a postconviction petition. *Id.* Our supreme court disagreed. *Id.* Noting that "every defendant who enters a plea of guilty has a due process right to be properly and fully admonished," the court's view was that "it would be incongruous to hold that [the] defendant forfeited the right to bring a postconviction claim because he did not object to the circuit court's failure to admonish him." *Id.* "To so hold," the court concluded, "would place the onus on the defendant to ensure his own admonishment in accord with due process." *Id.*

¶ 22    We agree with the decisions of our court in *Curry* and *Westley A.F.* that the holding in

*Whitfield* is equally applicable when the court accepts an admission to a probation violation. Although *Whitfield* involved admonitions under Rule 402, which governs the acceptance of pleas of guilty to criminal offenses, and Rule 402A governs the acceptance of admissions to probation violations, both supreme court rules outline the parameters of due process, and both specifically require the trial judge to ensure that the defendant understands the full range of sentencing outcomes he or she faces before accepting a plea or admission. Ill. S. Ct. R. 402(a)(2) (eff. July 1, 2012); R. 402A(a)(6) (eff. Nov. 1, 2003).

¶ 23    The State argues that *Curry* and *Westley A.F.* were wrongly decided because the holding in *Whitfield* is a limited one that applies only where a defendant *could not* have raised the inadequacy of his admonitions before the judge who accepted his guilty plea. It is true that, in *Whitfield*, the defendant alleged in his postconviction petition that he did not learn until he was in prison that he would be subjected to a period of MSR. *Whitfield*, 217 Ill. 2d at 188. Our supreme court noted this fact—with a sentence beginning "[m]oreover"—after it had already held that forfeiture would be "incongruous." We do not read this statement as a limitation on the court's earlier determination that it would be it would be "incongruous to hold that [the] defendant forfeited the right to bring a postconviction claim because he did not object to the circuit court's failure to admonish him." *Id.* We agree with the courts in *Curry* and *Westley A.F.* that *Whitfield*'s holding applies to a defendant's failure to object to the court's failure to advise him regarding the applicable period of MSR on a negotiated admission to a probation violation.

¶ 24    *People v. Newman*, 365 Ill. App. 3d 285 (2006), cited by the State, does not persuade us otherwise. In that case, which involved a postconviction petition following a negotiated guilty plea, the court distinguished *Whitfield*, finding forfeiture primarily on the basis that the defendant had filed a motion to withdraw his guilty plea and a direct appeal from the court's denial of that

motion but had raised no objection to the admonitions in either. *Id.* at 290. In this case, in contrast, Mr. Bailey has raised the improper admonitions in his direct appeal. Although the *Newman* court noted that the defendant in *Whitfield* alleged in his motion for relief from judgment that he did not learn about the required period of MSR until he was incarcerated (*id.*), the court in no sense suggested that a defendant must demonstrate such a lack of knowledge to avoid forfeiture.

¶ 25    The State has simply not convinced us that forfeiture has any more application here than in *Whitfield*. Even if it did, forfeiture is a limitation on the parties and not the court, and we may overlook it "where necessary to obtain a just result or maintain a sound body of precedent." *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65. Finding no forfeiture, we need not address the parties' arguments regarding plain error or ineffective assistance of counsel.

¶ 26                      B. Substantial Compliance with Rule 402A

¶ 27    We agree with Mr. Bailey that the trial court's admonitions to him were not in substantial compliance with Rule 402A. Substantial compliance requires "an affirmative showing in the record that the defendant understood each of the required admonitions" (internal quotation marks omitted) and "necessitates a reading of the entire record, including what transpired at earlier proceedings." *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 14. It is a legal question that we review *de novo*. *People v. Hall*, 198 Ill. 2d 173, 177 (2001).

¶ 28    Here, there were two deficiencies in the admonitions. First, Mr. Bailey was not advised, as required by the rule, of "the sentencing range for the underlying offense for which [he was] on probation, conditional discharge or supervision." Ill. S. Ct. R. 402A(a)(6) (eff. Nov. 1, 2003). He should have been advised, since he had originally pleaded guilty to possession with intent to deliver 1 to 15 grams of heroin, that it was a Class 1 offense punishable by 4 to 15 years in prison, followed by 2 years of MSR (730 ILCS 5/5-4.5-30(a) (West 2018)).

¶ 29    The judge herself seems to have been confused regarding the maximum sentence for Mr. Bailey's underlying narcotics offense, sometimes incorrectly stating that it was 14 instead of 15 years. Of greatest concern, however, is the fact that, at no point during the hearing on the State's petition to revoke probation or in the earlier proceedings that resulted in the sentence of probation, was Mr. Bailey ever told that the underlying offense carried a minimum sentence of four years. This failure alone prevents us from concluding that the trial court substantially complied with Rule 402A.

¶ 30    The only argument that the State makes to the contrary (other than forfeiture, which we have addressed) is that Mr. Bailey has not shown that he was actually unaware of the minimum term or that he was prejudiced by the court's failure to advise him of the full sentencing range, as the rule requires. The State cites *People v. Davis*, 145 Ill. 2d 240, 250 (1991), where the court noted that a defendant's right to withdraw a guilty plea based on an inadequate admonition as to the minimum sentence "depends on whether real justice has been denied or whether [the] defendant has been prejudiced by the inadequate admonishment." When the *Davis* court made this statement, it was considering whether this inadequacy in the trial court's admonitions, which the defendant had never raised, even on appeal, but which the court itself had noticed, was so significant that it formed a basis to reverse. *Id.* at 250-51. The court decided it was because the defendant in *Davis* had been incorrectly led to believe that he could receive a sentence of probation if he pleaded guilty. *Id.* at 251. Mr. Bailey has raised the issue of the trial court's failure to advise him as to the minimum sentence, and we are not convinced that the requirement in *Davis* that a defendant show prejudice necessarily applies here.

¶ 31    In any event, there is a second problem with the admonitions in this case. Rule 402A requires that, if the admission is "the result of an agreement as to the disposition of the defendant's

case," the judge must also question the defendant to "confirm the terms of the agreement." Ill. S. Ct. R. 402A(b) (Nov. 1, 2003). Here, the trial court's recitation of the agreement reached made no mention of the two-year period of MSR. As our supreme court made clear in *Whitfield*, 217 Ill. 2d at 195, "there is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that [an MSR] term will be added to that sentence."

¶ 32    In short, the admonitions given were defective in at least two respects. Mr. Bailey was not told the sentencing range for his underlying offense, and he was not told that he would be subjected to 2 years of MSR following the 10-year prison term that he agreed to. This was a failure to substantially comply with Rule 402A. Mr. Bailey did not forfeit his right to raise this issue on direct appeal, and he should thus be allowed on remand to withdraw his admissions to violations of his probation.

¶ 33       C. Mr. Bailey's Argument That He Is Entitled to the Benefit of His Bargain

¶ 34    Mr. Bailey urges us to conclude that there is a second, equally appropriate remedy in this case. He argues that, because the trial judge failed to confirm with him, in accordance with Rule 402A(b), that if he accepted his negotiated agreement, he would be subject to 2 years of MSR, it would be appropriate to allow him the alternative remedy of striking 2 years from his 10-year sentence.

¶ 35    This was the remedy devised by our supreme court in *Whitfield*, 217 Ill. 2d at 203. The court concluded in that case that adding a statutorily required three-year MSR term to the defendant's negotiated prison term "amount[ed] to a unilateral modification and breach of the plea agreement by the State" that was "inconsistent with constitutional concerns of fundamental fairness." *Id.* at 190. Because a term of supervised release was mandated by statute and could not

legally be struck from the defendant's sentence, however, "the promise which induced [the defendant's] plea [was] unfulfillable under state law." *Id.* at 202-03. Under those circumstances, the court agreed with the defendant that it was appropriate, in order "to approximate the bargain that was struck between the parties," to modify the defendant's 25-year sentence to 22 years of imprisonment plus 3 years of MSR. *Id.* at 203.

¶ 36     The State's only argument for why Mr. Bailey should not receive a sentence reduction like the one granted to the defendant in *Whitfield* is its assertion that Mr. Bailey made a deal, not with the State, but directly with the trial judge. In support of this argument, the State points out that the judge began the June 27, 2018, conference by telling Mr. Bailey "*[m]y offer to you* is 10 years" (emphasis added) and that defense counsel raised the issue again later by saying to the judge "I believe *you offered him* 10 years on the violation" (emphasis added).

¶ 37     As Mr. Bailey notes in his reply brief, this is not an argument that advances the State's position. If the deal he accepted was proposed and negotiated by the trial judge, and not by the State, then the court overstepped its role in violation of the rules. Illinois Supreme Court Rule 402(d)(1) (eff. July 1, 2012) provides that "[t]he trial judge shall not initiate plea discussions." Instead, "[u]pon request by the defendant and with the agreement of the prosecutor, the trial judge may *participate* in plea discussions" (emphasis added) if the defendant is properly admonished and makes clear that the court's involvement is welcomed. *Id*. This prohibition against judge-initiated negotiations applies equally to admissions of probation violations under Rule 402A, which expressly incorporates the provisions of Rule 402(d). See Ill. S. Ct. R. 402A(d) (eff. Nov. 1, 2003) ("The provisions of Rules 402(d), (e), and (f) shall apply to proceedings on a petition to revoke probation, conditional discharge or supervision.").

¶ 38     Where the record demonstrates that the trial judge initiated plea discussions or participated

in the negotiations to the point that "improper influence was exerted upon the defendant to plead guilty," the defendant may seek to withdraw his plea or admission because it was involuntary. *People v. Smith*, 406 Ill. App. 3d 879, 888 (2010). Here, if the deal Mr. Bailey agreed to was improperly initiated by the court and not the State, this would serve as an additional reason for Mr. Bailey to be allowed to withdraw his admissions. It does not undermine Mr. Bailey's argument that he is entitled to a remedy in this case or that one potential remedy is to give him an approximation of the agreement that he believed he had validly entered into.

¶ 39    We agree with Mr. Bailey that the remedy fashioned by the court in *Whitfield* is not unavailable to him because the trial judge in this case may have improperly initiated negotiations. Just as in *Whitfield*, Mr. Bailey agreed to make certain admissions in exchange for a specific sentence. The remedy designed by the court in *Whitfield* was not specific performance on a valid contractual agreement but the *approximation* of a deal (a term of years sentence with no MSR) that in truth could never have validly been made. The remedy was fashioned because the court's failure to substantially comply with the rules allowed the defendant—incorrectly—to believe that such a deal was possible. As the *Whitfield* court made clear, "[a] plea induced by an unfulfillable promise is no less subject to challenge than one induced by a valid promise which the Government simply fails to fulfill" (internal quotation marks omitted). *Whitfield*, 217 Ill. 2d at 201.

¶ 40    Like the defendant in *Whitfield*, Mr. Bailey had no reason to believe that he had not validly agreed to a term-of-years sentence with no MSR. Like the defendant in *Whitfield*, Mr. Bailey was not informed that his sentence would be followed by a period of statutorily required MSR. And like the defendant in *Whitfield*, Mr. Bailey should be given the choice to retain the sentence he was offered but have it reduced by the period of MSR—here two years—a remedy designed to give him, as nearly as possible, the benefit of the bargain he agreed to.

¶ 41                                    IV. CONCLUSION

¶ 42     For the above reasons, we vacate the judgment of the circuit court of Cook County and remand with directions to allow Mr. Bailey to choose to either (1) withdraw his admissions to violations of probation or (2) accept a sentence of eight years plus two years of MSR, and for further proceedings consistent with this disposition.

¶ 43     Vacated and remanded with directions.

---

**No. 1-19-0439**

---

| | |
|---|---|
| **Cite as:** | *People v. Bailey*, 2021 IL App (1st) 190439 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 17-CR-11673; the Hon. Diane Cannon, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Deborah K. Pugh, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Janet C. Mahoney, and Retha Stotts, Assistant State's Attorneys, of counsel), for the People. |

---