NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220843-U

NO. 4-22-0843

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 13, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Mercer County |
| MARLENA K. WALSH, | ) | No. 20CF30 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Norma Kauzlarich, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, concluding the circuit court substantially complied
with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) in admonishing
defendant before accepting her admission to violations of probation.

¶ 2       In September 2020, defendant pled guilty to one count of delivery of less than

five grams of methamphetamine (720 ILCS 646/55(a)(1), (2)(A) (West 2020)), a Class 2 felony,

and was sentenced to 30 months' probation. In February 2022, defendant admitted various

allegations in the State's fifth amended petition to revoke her probation. In July 2022, the circuit

court revoked defendant's probation and sentenced her to four years' imprisonment and one year

of mandatory supervised release (MSR). In September 2022, defendant, through counsel, moved

to withdraw her admission, asserting it was not knowing and voluntary and she was not fully

advised of the potential penalties during the hearing at which she made her admission. The court

denied defendant's motion. Defendant appeals, arguing the court did not substantially comply

with Illinois Supreme Court Rule 402A (eff. Nov. 1, 2003) in admonishing her before accepting her admission. We affirm.

¶ 3                                I. BACKGROUND

¶ 4          On September 14, 2020, defendant pled guilty to one count of delivery of less than five grams of methamphetamine (720 ILCS 646/55(a)(1), (2)(A) (West 2020)), a Class 2 felony, and was sentenced to 30 months' probation. On February 26, 2021, the Mercer County Probation Department filed a Violation Report alleging defendant was unsuccessfully discharged from counseling on February 24, 2021. On March 1, 2021, the State filed a petition to revoke defendant's probation. Over the next eight months, the State filed five amended petitions to revoke.

¶ 5          The circuit court conducted numerous hearings in connection with these petitions. At hearings on April 12, 2021, September 20, 2021, November 2, 2021, November 30, 2021, and February 15, 2022, the court gave admonitions pursuant to Rule 402A. As the instant appeal is based on the purported deficiencies in these admonitions, we summarize the five hearings as necessary.

¶ 6          At the hearing on April 12, 2021, the circuit court informed defendant of (1) the allegation of the State's original petition, (2) her right to a hearing at which the State would have to prove the allegation "more probably than not," and (3) the potential penalties of three to seven years' imprisonment, a two-year period of MSR, fines up to $150,000, and being "subject to probation, conditional discharge, and periodic imprisonment." At the hearing, the court appointed the public defender to represent defendant.

¶ 7          At the September 20, 2021, hearing, defendant's counsel acknowledged receipt of the State's third amended petition and recited only one of its two new allegations following the

original petition. The circuit court did not recite either of the two new allegations after defendant's counsel asked to "waive further reading of the charges and penalties." The court did, however, despite counsel's waiver, explain the potential penalties of 3 to 7 years' imprisonment, or a potential "extendable" term of 7 to 14 years, up to 4 years' probation, and a fine of up to $25,000. The court then verified defendant's understanding of the potential penalties.

¶ 8        At the hearing on November 2, 2021, the circuit court recited each of the four allegations of the State's fourth amended petition, including the two new allegations of the third amended petition, recitation of which was waived by counsel at the hearing on September 20. The court verified defendant's understanding of the allegations.

¶ 9        At the November 30, 2021, hearing, after ascertaining from defendant she had an opportunity to review the new petition, the circuit court recited each of the six allegations of the State's fifth amended petition. The court informed defendant she had a right to a hearing on the petition at which the State would have to "prove its case." The court verified defendant's understanding of the allegations.

¶ 10        At the hearing on February 15, 2022, defendant's counsel informed the circuit court his client was going to admit the violation of probation and the court asked defendant if she was admitting the allegations in the State's fifth amended petition. Defendant's counsel tendered a document entitled "Admission of Violation of Probation/Court Supervision/Conditional Discharge and Waiver of Hearing" signed by defendant, and defendant admitted all but one of the allegations contained in the revocation petitions. The court informed defendant of her right to a hearing where the State would have to prove her violations of probation "more probably than not" and verified her understanding of this right. The court then verified defendant's understanding she would be "giving up that hearing" and her right to require the State to

- 3 -

establish the violation of probation by admitting the allegations in the State's petition. The court also engaged in a colloquy with defendant in which she stated she was not being forced or threatened into admitting the probation violations.

¶ 11    When asked whether she was admitting the specific allegation from February 24, 2021, defendant initially answered, "Yeah, kind of." This precipitated the circuit court's further inquiry to determine whether defendant was, in fact, admitting the allegation, which she confirmed. When asked about each of the remaining allegations, other than the September 23, 2021, allegation of refusing a drug test because she would test positive for methamphetamine, defendant's admissions were all verbalized as "I guess," "yeah," or "I guess that's what they said." The court found defendant's admission was entered "knowingly and voluntarily."

¶ 12    On July 18, 2022, the circuit court sentenced defendant to four years' imprisonment to be followed by one year of MSR. A week later, defendant filed, *pro se*, a request for the court to reconsider sentence, listing various defendants who, upon resentencing on probation violations, were given lighter sentences. Defendant's claim was merely that her sentence was "too harsh." Her appointed counsel then filed a motion to withdraw her admission on August 15, contending "[t]he Defendant's plea was not knowing[ ] and voluntary" and "[t]he Defendant believes she was not fully advised of the consequences of her admission."

¶ 13    On September 14, 2022, defendant, through counsel, filed her "Amended Motion to Withdraw Admission." In pertinent part, defendant asserted "she was not fully advised of the consequences of her admission" because she "was not admonished of the potential penalties at the hearing where she made her admission and did not understand the range of penalties that could have been imposed." Additionally, defendant asserted her admission "was not knowing[ ] and voluntary." Counsel noted defendant "acknowledges that on April 19, 2022[,] at the time of

- 4 -

her original sentencing date, she was advised of the maximum and minimum term of incarceration."

¶ 14        The circuit court conducted a hearing on defendant's motion on September 19, 2022. Defendant did not testify and presented no further evidence. Counsel referenced defendant's *pro se* motion/letter and advised the court he explained to defendant her observation of other defendants receiving probation instead of prison for probation violations was not "valid grounds for a withdrawal." Counsel also reminded the court that defendant acknowledged in her amended motion she was advised of the maximum and minimum terms of incarceration for the underlying offense at her "original sentencing date" of April 19, 2022. After hearing argument from both sides, the court held the basis for defendant's attempt to withdraw her admission was "buyer's remorse." The court found, "She voluntarily admitted to violating the terms of probation, she knowingly did so, and so for those reasons the Court is going to deny the Motion to Withdraw the admission. The sentence stands."

¶ 15        This appeal followed.

¶ 16                                II. ANALYSIS

¶ 17        Defendant argues the circuit court erred in accepting her admission to the probation violation where the court failed to substantially comply with Rules 402A(a) and 402A(b). Specifically, defendant contends there was no affirmative showing she understood the rights she was waiving. We disagree.

¶ 18                            A. Rule 402A(a)

¶ 19        Rule 402A provides the admonitions a circuit court must give a criminal defendant before the court can accept a defendant's admission to the allegations of a petition to revoke probation. Under Rule 402A(a), the court must admonish the defendant and determine the

defendant understands (1) the specific allegations of the petition, (2) the defendant's right to a hearing with counsel present and the right to appointed counsel if indigent, (3) the right to confront and cross-examine witnesses and present evidence in her behalf at the hearing, (4) the State's burden to prove the allegations by a preponderance of the evidence, (5) admission of the violation will eliminate the need for a hearing on the allegations in the petition, and (6) the range of sentences possible for the underlying offense. Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003).

¶ 20      A defendant in a probation revocation proceeding has fewer, rather than more, procedural rights than one awaiting trial. *People v. Hall*, 198 Ill. 2d 173, 177, 760 N.E.2d 971, 973 (2001). Rule 402A requires the circuit court's "substantial compliance," meaning "a specific and affirmative showing in the record that the defendant understood each of the required admonitions." *People v. Ellis*, 375 Ill. App. 3d 1041, 1046, 874 N.E.2d 980, 983 (2007). Substantial compliance can be "achieved in ways other than reciting all of Rule 402A to a respondent when the respondent admits to violating probation." *In re Westley A.F.*, 399 Ill. App. 3d 791, 796, 928 N.E.2d 150, 155 (2010). Substantial compliance may occur in a situation where the court did not recite to the defendant, and ask the defendant if he or she understood, an item listed in Rule 402A, but the record affirmatively shows the defendant did, in fact, understand. *People v. Dennis*, 354 Ill. App. 3d 491, 495, 820 N.E.2d 1190, 1193 (2004). Whether the court substantially complied with Rule 402A is a question of law, which we review *de novo*. *People v. Saleh*, 2013 IL App (1st) 121195, ¶ 14, 995 N.E.2d 375.

¶ 21      Defendant's effort to parse each of the admonishments separately is not necessary to our analysis. By the hearing in February 2022, defendant had been informed of some of the allegations as many as six times because she continued to accumulate violations. And "substantial compliance" with Rule 402A merely requires this court to look at everything that

has transpired to determine " 'whether, realistically, an ordinary person in defendant's position would have understood, from the earlier proceedings, that by admitting' to a violation, the defendant was aware of the rights foregone." *People v. Randolph*, 2023 IL App (4th) 220603-U, ¶ 27 (quoting *Dennis*, 354 Ill. App. 3d at 496). "Each case must be considered on its own facts, 'with the primary focus on the length of time between the admonishments and the admission of the violation.' " *People v. Anderson*, 2023 IL App (3d) 210558-U, ¶ 13 (quoting *Saleh*, 2013 IL App (1st) 121195, ¶ 14). "Whether reversal is required depends on whether defendant has been denied 'real justice' or been prejudiced by the inadequate admonishment." *Anderson*, 2023 IL App (3d) 210558-U, ¶ 13.

¶ 22       Defendant answers that question for us through her *pro se* motion seeking reconsideration of her sentence. Defendant did not then seek to withdraw her admission—she argued her sentence was "too harsh" compared to other petition to revoke (PTR) cases. Her letter to the circuit court identified this as her only reason for seeking sentence reconsideration. Only upon being advised by counsel this was not a valid reason for withdrawing her admission was a formal motion to withdraw defendant's admission filed claiming her plea was not knowing and voluntary because "she was not fully advised of the consequences of her admission." At no time before or during her sentencing in July 2022, when defendant had an unfettered opportunity to address the court, did she voice any complaints, concerns, or questions about her admission, the possible sentences, or the rights she previously waived. While there was a ten-month gap between the last hearing at which the court specifically admonished defendant as to the MSR period and her admission hearing, she was not prejudiced or denied real justice by the absence of this information at her admission hearing. *People v. Davis*, 145 Ill. 2d 240, 250, 582 N.E.2d 714, 719 (1991). Defendant pled guilty to the underlying offense after the court informed her of a

period of MSR higher than what ultimately applied to her. There is no reason to assume defendant would not have admitted the probation violations had she been informed at the admission hearing of the lower period of MSR.

¶ 23    The record reveals repeated admonishments over the eight-month period, even at hearings during which counsel waived reading of the allegations and penalties. Defendant was fully represented by counsel throughout, and she signed a waiver of hearing at the time of her February 2022 admission. Even when moving to withdraw her admission, defendant acknowledged having been previously advised of the range of sentences at the April 19, 2022, hearing, approximately three months before her sentencing. This record supports the circuit court's conclusion—defendant had "buyer's remorse" once she learned her sentence. There was substantial compliance with Rule 402A and there is nothing in this record supporting the claim that defendant entered her admissions involuntarily or without knowledge of her rights. Aside from substantial compliance with Rule 402A in a particular proceeding, we also note counsel, on more than one occasion, waived further reading of the allegations and penalties and had defendant sign and submit a written waiver of hearing. Having done so, it is reasonable to conclude defendant, represented by counsel, recognized all the rights and procedures she was giving up by waiving a hearing on her PTRs. " 'Affirmative representations that a party has no objection to the proceedings fall within the scope of the invited error doctrine because such representations reassure the trial court and encourage it to proceed without further consideration of the issues.' " *People v. Aquisto*, 2022 IL App (4th) 200081, ¶ 54, 205 N.E.3d 812 (quoting *State v. Winfield*, 128 P.3d 1171, 1176 (Utah 2006)). "Under the doctrine of invited error, a defendant may not request to proceed in one manner at trial and then later argue on appeal that the course of action was in error." *People v. Coan*, 2016 IL App (2d) 151036, ¶ 23, 57 N.E.3d

1282. "To permit a defendant to use the exact ruling or action that he or she procured in the trial court as a means for reversal on appeal would offend notions of 'fair play' and encourage duplicitous behavior." *Coan*, 2016 IL App (2d) 151036, ¶ 23.

¶ 24                                    B. Rule 402A(b)

¶ 25          Although defendant did not so argue in her *pro se* motion to reconsider her sentence, nor in the first or amended motions to withdraw her admission filed through counsel, she now argues the circuit court did not substantially comply with Rule 402A(b) because the record contains no affirmative showing that she understood there was no agreement regarding her sentence. Defendant contends that failure deprived her of due process. We disagree.

¶ 26          Rule 402A(b) provides:

"The court shall not accept an admission to a violation, or a stipulation sufficient to revoke without first determining that the defendant's admission is voluntary and not made on the basis of any coercion or promise. If the admission or tendered stipulation is the result of an agreement as to the disposition of the defendant's case, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the agreement, or that there is no agreement, and shall determine whether any coercion or promises, apart from an agreement as to the disposition of the defendant's case, were used to obtain the admission." Ill. S. Ct. R. 402A(b) (eff. Nov. 1, 2003).

¶ 27          As stated above, the circuit court determined the voluntariness of defendant's admission as required by Rule 402A(b). In any case, the language of Rule 402A(b) is clear, *if* the

admission were the result of an agreement as to the disposition of the case, *then* the judge must inquire about the specific terms of the agreement. See *People v. Bailey*, 2021 IL App (1st) 190439, ¶ 17, 196 N.E.3d 197. In the written admission and waiver of hearing defendant signed and tendered at the admission hearing, she expressly "consent[ed] that the Court may fix [her] punishment under [her] admission [t]herein." This refutes the newly raised claim defendant failed to understand there was no agreement as to her sentence. Accordingly, the court substantially complied with Rule 402A(b).

¶ 28                                    III. CONCLUSION

¶ 29          For the reasons stated, we affirm the circuit court's judgment.

¶ 30          Affirmed.