2024 IL App (1st) 221680-U

No. 1-22-1680

Order filed April 10, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 4334 |
| | ) | |
| JAMES ALLEN, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE R. VAN TINE delivered the judgment of the court.
Justices Lampkin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Where the trial court erred in admonishing defendant regarding his rights at his probation revocation hearing, the court's judgment is vacated and the cause remanded for new admonishments and further revocation proceedings as necessary.

¶ 2     Pursuant to a 2016 negotiated guilty plea, defendant James Allen was convicted of burglary and sentenced to two years' probation. In 2022, the trial court found defendant in violation of probation and sentenced him to five years' imprisonment. On appeal, defendant contends that the

court erred in admonishing him pursuant to Supreme Court Rule 402A (eff. Nov. 1, 2003) during the probation revocation hearing. For the reasons stated below, we vacate and remand.

¶ 3    Defendant was charged with burglary committed on or about October 9, 2015. In March 2016, he pled guilty to burglary in exchange for two years' probation with five days of community service and $609 in fines and fees.

¶ 4    During the plea hearing, the court read aloud defendant's burglary charge and admonished him that he was waiving the right to a bench or jury trial where the State would have to prove him guilty beyond a reasonable doubt, he would hear the evidence against him, and could cross-examine and call witnesses. The court informed him that he could be sentenced to a prison term of three to seven years, with two years of mandatory supervised release (MSR), and a fine of $25,000. See 720 ILCS 5/19-1(b) (West 2016); 730 ILCS 5/5-4.5-35(a), 5-4.5-50(b) (West 2016).

¶ 5    In June 2016, the State filed a petition to revoke defendant's probation for burglary due to his alleged commission of domestic battery. In September 2016, defendant stipulated that he violated probation; in exchange, the court imposed 180 days in jail and recommitment to probation. The court informed defendant of the alleged probation violation and admonished him there would be no hearing on the violation and he could receive three to seven years' imprisonment and a $25,000 fine. He affirmed that nobody forced him to stipulate and he did so of his own free will.

¶ 6    In March 2017, the State filed a revocation petition due to defendant's alleged public urination and nonpayment of fines and fees. Defendant stipulated to the violation in exchange for five additional days of community service. The court informed him of the alleged violation and admonished him there would be no hearing on the violation and he could receive three to seven

years in prison and a $25,000 fine. He agreed that nobody forced him to stipulate and he did so of his own free will.

¶ 7    In May 2017, the State filed a revocation petition due to defendant allegedly not completing community service and failing to appear for a drug test. Defendant pled guilty and was recommitted to probation. The court informed him of the alleged violation and admonished him that he could receive three to seven years in prison with two years' MSR and a $25,000 fine. The court also admonished him that he waived the right to a hearing where the State would have to prove him guilty by a preponderance of the evidence, and where he would hear the evidence against him and could cross-examine witnesses and present evidence. Defendant affirmed that nobody forced him to plead guilty and he did so of his own free will.

¶ 8    In July 2017, the State filed a revocation petition alleging that defendant tested positive for marijuana. He stipulated to the violation in exchange for 60 days in jail and an extension of probation to July 2018. The court informed him of the alleged violation and admonished him there would be no hearing on the violation and he could receive three to seven years in prison and a $25,000 fine. He agreed that nobody forced him to stipulate and he did so of his own free will.

¶ 9    In October 2017, the State filed a revocation petition alleging that defendant committed home invasion and aggravated criminal sexual assault (ACSA) on or about October 29, 2017.

¶ 10   While that petition was pending, the State brought charges of home invasion, ACSA, and residential burglary against defendant in case numbers 17 CR 16663, 17 CR 16664, and 17 CR 16665. Those cases were consolidated and proceeded to a jury trial in which defendant represented himself and pled not guilty by reason of insanity. The jury, having been instructed on insanity and

on findings of guilty but mentally ill, found defendant guilty of home invasion, two counts of ACSA, and two counts of residential burglary.

¶ 11    Defendant was thereafter represented by counsel, and a behavioral clinical examination found him fit for sentencing. The examination found he was aware of the charges, familiar with court personnel and the purpose of legal proceedings, and capable of rationally assisting counsel. He was sentenced on November 1, 2022, to an aggregate term of 63 years' imprisonment: 21 years each for home invasion and two counts of ACSA, to be served consecutively to each other and concurrently to 12-year sentences for residential burglary.[1] It was undisputed in the sentencing hearing that defendant's criminal history consisted of the burglary conviction now at issue and misdemeanor convictions in 2016 for criminal damage to property and domestic battery.

¶ 12    Immediately following that sentencing hearing, the court held a probation revocation hearing. Noting that defendant was found guilty beyond a reasonable doubt of the offenses supporting the revocation of probation "and his probation [violation] would have to be proven by a preponderance," counsel agreed to a plea conference (see Ill. S. Ct. R. 402(d) (eff. July 1, 2012)) after consulting defendant. The court recommended five years' imprisonment concurrent to the sentences in the other cases, and counsel said defendant would stipulate to the probation violation.

¶ 13    The court told defendant that he received probation in March 2016, which he violated when he was "convicted of these offenses" for which he had just been sentenced. The court added there would be no hearing if defendant stipulated to violating probation, and he faced three to seven years' imprisonment. Defendant agreed that nobody forced him to stipulate and he did so of his own free will. The court accepted the stipulation and sentenced him to five years' imprisonment,

---

[1]That case is being appealed separately. *People v. Allen*, No. 1-22-1681.

to be served concurrently to his aggregate 63-year sentence. The court admonished defendant of his appeal rights. Defense counsel's oral motion to reconsider sentence, which did not address the court's admonishments, was denied.

¶ 14 On appeal, defendant contends that the trial court failed to admonish him of his rights pursuant to Supreme Court Rule 402A during the 2022 probation revocation hearing. The State acknowledges that defendant was not properly admonished under Rule 402A during the 2022 hearing, but argues that defendant understood his rights from his previous revocation hearings and that the court substantially complied with Rule 402A during the earlier admonishments.

¶ 15 Supreme Court Rule 402A provides that in proceedings to revoke probation where the defendant admits to violating probation or offers to stipulate that the evidence is sufficient to revoke probation, "there must be substantial compliance with" the requirement that the:

"court shall not accept an admission to a violation, or a stipulation that the evidence is sufficient to revoke, without first addressing the defendant personally in open court, and informing the defendant of and determining that the defendant understands the following:

(1) the specific allegations in the petition to revoke probation ***;

(2) that the defendant has the right to a hearing with defense counsel present, and the right to appointed counsel if the defendant is indigent and the underlying offense is punishable by imprisonment;

(3) that at the hearing, the defendant has the right to confront and cross-examine adverse witnesses and to present witnesses and evidence in his or her behalf;

(4) that at the hearing, the State must prove the alleged violation by a preponderance of the evidence;

(5) that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, there will not be a hearing on the petition to revoke probation, *** so that by admitting to a violation, or by stipulating that the evidence is sufficient to revoke, the defendant waives the right to a hearing and the right to confront and cross-examine adverse witnesses, and the right to present witnesses and evidence in his or her behalf; and

(6) the sentencing range for the underlying offense for which the defendant is on probation." Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003).

¶ 16    Rule 402A also requires the court to determine "that the defendant's admission is voluntary and not made on the basis of any coercion or promise," and "that there is a factual basis for the defendant's admission or stipulation." Ill. S. Ct. R. 402A(b), (c) (eff. Nov. 1, 2003).

¶ 17    Substantial compliance with Rule 402A exists when the record taken as a whole, including earlier proceedings, affirmatively shows that the defendant understood each of the required admonitions. *People v. Bailey*, 2021 IL App (1st) 190439, ¶ 27; *People v. Dennis*, 354 Ill. App. 3d 491, 495-96 (2004). Substantial compliance is determined on the facts of each case, with the focus being on the time between the admonishment and the admission or stipulation. *In re Westley A.F.*, 399 Ill. App. 3d 791, 796 (2010); *Dennis*, 354 Ill. App. 3d at 496. A claim that the circuit court failed to issue admonishments in substantial compliance with Rule 402A(a) is not subject to forfeiture. See *People v. Curry*, 2019 IL App (3d) 160783, ¶ 22. Whether there was substantial compliance is a legal question reviewed *de novo*. *Bailey*, 2021 IL App (1st) 190439, ¶ 27.

¶ 18    After reviewing the record as a whole, we find that the court failed to substantially comply with Rule 402A where the admonishments in defendant's 2022 probation revocation hearing did not fully conform to the rule. The court told defendant of the allegations against him, that there

would be no hearing if he stipulated to his violation, and that he faced three to seven years' imprisonment. Counsel stated in defendant's presence that violation of probation would have to be proven by a preponderance of the evidence. Ill. S. Ct. R. 402A(a)(1), (4), (6) (eff. Nov. 1, 2003). However, the court made no mention of defendant's rights to a hearing with counsel present, to have counsel appointed if indigent, to cross-examine witnesses, or to present witnesses or other evidence, nor did it state that his stipulation would waive the right to a hearing with the right to cross-examine and present witnesses. Ill. S. Ct. R. 402A(a)(2), (3) (5) (eff. Nov. 1, 2003).

¶ 19    The State nevertheless asserts that substantial compliance existed because "the record reflects that defendant was properly admonished of these same rights no fewer than four times prior to November 1, 2022." However, as defendant correctly notes, the court's earlier probation revocation admonishments had some of the same flaws as the 2022 admonishments. Specifically, none of the previous admonishments mentioned the right to counsel for the hearing and to have counsel appointed if indigent. Only in one of the four prior hearings, in May 2017, did the court admonish defendant that he had a right to a hearing and that he would be waiving his right to see and hear the evidence against him, cross-examine witness, present witnesses, and make the State prove his violation by a preponderance of the evidence. That said, even at that hearing, the court did not admonish him of one of his rights under Rule 402A: the right to counsel at the revocation hearing. Given the shortcomings of the earlier admonishments and the approximately five years between those admonishments and the November 2022 hearing, we cannot conclude that the record affirmatively shows that defendant understood each of the Rule 402A admonishments when he stipulated to his violation in November 2022. Stated differently, the court's admonishments did not substantially comply with Rule 402A.

¶ 20 The State cites *People v. Pike*, 2016 IL App (1st) 122626, ¶ 112, for the proposition that a failure to fully admonish a defendant nonetheless may constitute substantial compliance where the defendant was not prejudiced if (1) the absence of a detail from the admonishments did not impede the defendant from giving a knowing and intelligent waiver, or (2) the defendant possessed a degree of knowledge or sophistication excusing the lack of admonition. In particular, the State emphasizes the second prong of the proposition. Defendant notes that *Pike* concerns a waiver of the right to counsel and Supreme Court Rule 401 (eff. July 1, 1984) governing such waivers, arguing *Pike*'s inapplicability to this case under Rule 402A.

¶ 21 We need not address the applicability of *Pike* to Rule 402A cases because the record does not show that defendant possessed a degree of knowledge or sophistication excusing the incomplete admonitions. The *Pike* defendant had been extensively admonished of the charges against him and thus was aware of the nature of those charges when he waived his right to counsel. *Pike*, 2016 IL App (1st) 122626, ¶¶ 117-121. By contrast, defendant was never admonished under Rule 402A of his right to counsel at the revocation hearing, and only once five years earlier was admonished of some of his Rule 402A rights.

¶ 22 Accordingly, the judgment of the circuit court is vacated and this cause is remanded for new Rule 402A admonishments and further probation revocation proceedings as necessary. See *Curry*, 2019 IL App (3d) 160783, ¶ 23.

¶ 23 Vacated and remanded.